# Richmond.

## HAMILTON V. GLENN.

### Absent, *Richardson*, J.

March 14th, 1889.

1. CORPORATIONS—*Dissolution—Creditors' suit—Parties.*—Under Code 1873, chapter 57, § 26 (Code 1887, § 1103), a corporation, though dissolved or expired, may be sued to enforce its liabilities, and its stockholders are not necessary parties.

2. IDEM—*Assignor—Unpaid subscriptions.*—Assignor of shares of stock is still liable for unpaid subscriptions, whether instalments accrue before or after assignment. Id. § 26.

3. IDEM—*Trust deed.*—Where trust deed executed by corporation provides that unpaid subscriptions shall be payable to trustee, the right to collect same passes, and creditors may enforce them by suit; or in any event, corporation's right thereto passes to creditors under chapter 57, § 23.

4. EQUITABLE JURISDICTION AND RELIEF—*Statute of Limitations.*—Where corporation's property, including unpaid subscriptions, are conveyed to secure its debts which, though barred by limitation, are not extinguished, equity will aid in enforcing their payment.

Appeal from decree of circuit court of Henrico county, rendered December 22, 1887, in the suit of *Glenn's Adm'r, &c.,* v. *National Express and Transportation Company.* The object of the bill was to assess and collect the unpaid subscriptions to the capital stock of said corporation, and apply the avails to its debts. The corporation had conveyed all its property, including the unpaid subscriptions, and made the latter payable to the trustees. Hamilton and others, stockholders, filed a petition praying to be made parties to the cause, and that the decrees

rendered therein might be reheard. From the decree denying the petition the petitioners obtained an appeal. This cause is a sequel to the case of *Lewis* v. *Glenn,* 84 Va. 947.

*Legh R. Page,* and *Pegram & Stringfellow,* for the appellants.

*Charles Marshall,* and *John Howard,* for the appellees.

LACY, J., delivered the opinion of the court.

This is a suit by the creditors of the National Express and Transportation Company, seeking the payment of their debt; the said company having conveyed its property of every sort to trustees for this purpose. The suit having progressed in the said court to the point where it was deemed necessary to compel the payment of eighty per cent. of its capital stock, an assessment was made for thirty, then fifty per cent., and its payment demanded; which being neglected, suit was instituted against the said appellants in the court of common pleas in Baltimore city, State of Maryland, the place of their residence, for the said stock assessments. They appeared in the circuit court of Henrico county, in this State, where this suit was pending, and on the 3d day of November, 1887, presented their petition, and asked leave of the court to file the same in the said suit of *Glenn* v. *National Exp. & Transp. Co.*

The history of this suit of *Glenn* v. *National Exp. & Transp. Co.* is to be found so fully set forth in the opinion of Judge Richardson, speaking for a majority of this court, in the case of *Lewis* v. *Glenn,* which is reported in 84 Va. 947, that it is not deemed necessary to go again so fully into a statement of that cause. See also opinion of Hinton, J., in *Vanderwerken* v. *Glenn, ante,* p. 9. That was a suit at law upon a stock assessment. This is upon the motion to file a petition by the appellants to be made parties in the said chancery suit. In their said petition

they claim that while they were stockholders at one time, by assignment of the said assessed stock from the original sub-scribers, they had before decree in the said cause assigned the said stock to others in 1866, and as assignors thereof had been sued for an assessment thereon, and were so interested in the suit of *Glenn* v. *National Exp. & Transp. Co.;* that they were not served with any process in the suit, were not made parties defendant, and had no notice of the pendency of the proceedings therein, until after the rendition in the cause of the decree of December 14, 1880, by the chancery court of Richmond, in which court the said cause was then pending; and that by the authority of the said decree they had been sued by Glenn, trustee, for an assessment of $30 on every share of the said stock, making an aggregate of $6,300 ; and that since the removal of the said cause to the said circuit court of Henrico by the decree therein of March 26, 1886, there had been a further assessment of $50 on each share of the said stock, which decree had autho-rized the said Glenn, trustee, to collect the same of them.

They presented their petition, and prayed that the said cause might be reheard, and the manifest injustice of the said decrees corrected as to them, and as to all others similarly interested, who might unite with the petitioners under the proper orders of the court; and that said Glenn, trustee, might be restrained and prohibited from further prosecuting his said suit against them, the said petitioners, which is now pending in the court of com-mon pleas of Baltimore city, in the State of Maryland; and that he be restrained from collecting the assessment called for by the decree of the court of March 26, 1886, above-mentioned. And, as the grounds for the rehearing asked for, they set forth: *First.* That in the suit of *Glenn, Trustee,* v. *National Exp. & Transp. Co.* the bill lacked substantial parties; that in that suit, which was a suit to wind up and settle the affairs and pay the debts of a defunct corporation, the substantial relief prayed for was against the stockholders of said defendant corporation, and that the assets of said corporation consisted exclusively of what might

be raised by assessments on its stockholders, and that there were
numerous stockholders holding many thousands of shares of capi-
tal stock resident in the State of Virginia, and yet not one of said
stockholders was made a party defendant, as such; that no
stockholder appeared and defended, and that the class against
whom the only relief was decreed was not sued, nor served with
any process, nor by any representative appeared and defended,
and that there was in fact no appearance of any of the defen-     ·
dants in said cause against whom substantial relief was prayed,
and no relief decreed against any defendant in said cause who
did appear.    *Second.* That by the decree of the 14th December,
1880, the report of the commissioner of said court was con-
firmed, in which was a finding of an immense indebtedness,
which was decreed against the company, which was *prima facie*
barred by the statute of limitations; that the corporation was
dead, and powerless to interpose the plea, or any defense what-
ever, all of its property having been transferred to assignees;
whereas, if a single stockholder had been made a party as such, he
would have been allowed to interpose the bar of the lapse of time.
*Third.* That when the trust deed was made, the liability of the
stockholders at once became absolute, and the statutes began to
run.    *Fourth.* That the uncalled for subscriptions of stock did
not pass by the deed in trust.    *Fifth.* That the delay and *laches*
of the creditors barred them in a court of equity.    They pray
that the petitioners might be made parties defendant in said
cause, and the plaintiffs summoned to answer their petition, and
that an injunction be awarded to restrain John Glenn, trustee,
from the further prosecution of his suit in the court in Balti-
more, Md., and from collecting the assessment of March 26,
1886.    The creditors of the company whose claims were estab-
lished by the decree of December 14, 1880, appeared and moved
the court to reject the said petition, which was ordered accord-
ingly; whereupon an appeal was applied for to this court, and
allowed.

The first question raised in this court is that the appellants

are entitled to be made parties to the suit of *Glenn* v. *National Exp. & Transp. Co.*, because the relief sought is against them. The suit of *Glenn* v. *National Exp. & Transp. Co.* is a creditors suit against a corporation, and by the terms of its charter, and the laws of this State applicable to said company, it was lawfully sued as such by its corporate name, and the individual stockholders were not proper parties to such a suit; the president and directors being, by their selection, their representatives for this purpose. The appellants admit this as to any live and going corporation, and claim that, as the corporation is dead, by its deed in trust it assigned to trustees and ceased to exist; that in a suit by a creditor, or by creditors generally, the suit against the corporation is in fact one not against the corporation, but against them as stockholders, and they are not represented by the company, nor by the trustees. By the law of this State (Code 1873, ch. 56, § 31), "when any corporation shall expire or be dissolved, or its corporate rights and privileges shall have ceased, all its works and property and debts due to it shall be subject to the payment of its debts due by it, and then to distribution among the members according to their respective interests; and such corporation may sue and be sued as before, for the purpose of collecting debts due to it, prosecuting rights under previous contracts with it, and enforcing its liabilities, and distributing the proceeds of its works, property, and its debts among those entitled thereto;" by which it is provided that, notwithstanding its death, it stands, for the purpose of being sued by creditors, just as it did while live and going, and may sue and be sued as before; and that the directory has assigned to trustees alters the case only so far as to make the trustees necessary parties.

But they further claim that they have assigned their stock, and are not liable as assignors, having been originally assignees. The statute, however, includes them (chapter 57, § 26, Code), and provides that on any assignment the assignee and assignor shall each be liable for any instalments which may have accrued,

or which may thereafter accrue, and may be proceeded against in the manner before provided. They were first assignees, and were liable because their assignor had not paid up the stock, and now they are assignors, and are liable as such because they have not paid up the stock before assignment, and so are their assignees. This is the obvious meaning and purpose of the law. By the twenty-third section of the same chapter (chapter 57, Code 1873). they are required to pay the unpaid stock as required by the president and directors, or the same may.be recovered by action, warrant, or motion. The right to collect the unpaid subscriptions of the stock when called for passed under the law by the assignment to the trustees, and is properly enforceable in a suit brought for that purpose by a creditor.

The second question is as to the statute of limitations, and their right to be made parties in order to interpose this. The lien of the trust deed is not barred by any period short of that sufficient to raise a presumption of payment; the property of this company, including their dues, has been conveyed to secure these debts; and, although the remedy at law be barred, the debt is not thereby extinguished. *Bowie* v. *Society,* 75 Va. 304, and cases cited.

The third question raised is disposed of by the foregoing.

The fourth is that the unpaid subscriptions did not pass by the trust deed. Whether this be so or not, the right of the company to call for it survives to the creditor under the law cited above, and is properly enforceable in a court of equity. If there be any hardship in the situation of these appellants, it grows out of their own acts and undertakings. Their subscription to the capital stock of this company was voluntary altogether, and under the law nothing can be exacted from them beyond what they agreed to pay, and this, under numerous decisions, they cannot escape until the debts of the company are paid. The law had provided all this beforehand, as the fruit of experience, and, as the assignment by the company is vain to escape this inevitable responsibility as to it, so the assignment

by the individual stockholder likewise is a vain and futile endeavor to escape his responsibility. After assignment he owes it as well as before, and the assignee who accepts an assignment of unpaid stock takes nothing but an obligation to pay until all is paid up. But all this only enforces a contract voluntarily entered into for the payment of *bona fide* debts, and, after the stock is once paid up, the contract being fulfilled, responsibility ceases. Section 53, ch. 57, Code 1873.

This disposes of all the questions raised and relied on here, and the result is that the decree of the circuit court of Henrico must be affirmed.

DECREE AFFIRMED.