FOOTE *et al. v.* GLENN.

*(Circuit Court, D. New Jersey.* September 27, 1892.)

INJUNCTION—RESTRAINING ENFORCEMENT OF JUDGMENT—FEDERAL AND STATE COURTS.
Decrees of state courts, having jurisdiction, in a suit against a corporation, brought by a creditor on behalf of himself and others, established the validity and declared the legal effect of a deed of trust made by the corporation for benefit of creditors, ascertained the debts owing by it, and made calls on unpaid subscriptions to its capital stock, upon which the trustee appointed to execute the deed of trust recovered judgment against a stockholder in a United States circuit court in another state. *Held*, that that court would not restrain the enforcement of such judgment upon charges of fraud and collusion in the allowance of claims by the decrees of the state courts, neither the corporation nor the creditors whose claims were impugned being parties to the suit for injunction, and there being other creditors having just claims for the payment of which there were no assets except the unpaid subscriptions; as, even if more than the complainant's just proportion of such valid claims should be collected by execution, the excess would be refunded.

In Equity. Motion for preliminary injunction. Denied.

Suit by John T. Foote, Catharine J. Cooper, and Robert D. Foote against John Glenn, trustee of the National Express & Transportation Company, to restrain the enforcement of a judgment recovered by defendant against the complainant John T. Foote. See 36 Fed. Rep. 824. The complainants joining with Foote in the bill were the sureties upon the bond given by him upon allowance of a writ of error to review said judgment. Complainants moved on their bill and affidavits for a preliminary injunction.

*Alfred Mills* and *George Zabriskie*, for complainants.

*Charles Marshall* and *Charles Biddle*, for defendant.

Before ACHESON, Circuit Judge, and GREEN, District Judge.

ACHESON, Circuit Judge. That the chancery court of the city of Richmond, Va., in the suit brought by William W. Glenn, suing on behalf of himself and other creditors, against the National Express & Transportation Company, a corporation of Virginia, and others, had jurisdiction to make its decree of December 14, 1880, establishing the validity of the deed of trust for the benefit of creditors, executed by the said corporation, and declaring its legal effect, removing the surviving trustees thereunder, and appointing a new trustee (John Glenn) in their place, ascertaining the debts owing by the corporation, and making an assessment and call upon the subscribers to its capital stock for a partial payment of their unpaid subscriptions, for the purpose of satisfying the debts of the corporation, and that the circuit court of Henrico county, Va., to which the cause was removed, had jurisdiction to make its decree in chancery of March 26, 1886, for an additional assessment and call upon said subscribers, are propositions no longer debatable, in view of the decisions of the supreme court of appeals of Virginia in *Lewis' Adm'r v. Glenn*, 84 Va. 947, 6 S. E. Rep. 866, and *Hamilton v. Glenn*, 85 Va. 901, 9 S. E. Rep. 129, and the decisions of the supreme court of the United States in *Hawkins v. Glenn*, 131 U. S. 319, 9 Sup. Ct. Rep. 739; *Glenn v. Liggett*, 135 U. S. 533, 10 Sup. Ct. Rep. 867; and *Glenn*

v.52F.no.6—34

v. *Marbury*, 145 U. S. 499, 506, 12 Sup. Ct. Rep. 914. It is indeed true that the bill now before us to restrain the trustee, John Glenn, from enforcing his judgment obtained on the law side of this court against the complainant Foote, one of the subscribers to the capital stock of said corporation, proceeds upon the ground that the Virginia decrees were procured by fraud. The fraud, however, specifically charged by the bill and set forth in the *ex parte* affidavits filed in support of the present motion is that certain claims were allowed by the decree of December 14, 1880, which were open to valid defenses, and that other specified claims were thereby allowed which were unfounded and fraudulent, and that the court was kept in ignorance of the facts by the fraud and collusion of parties to the cause. But, if this be so, how can this court properly interfere? By what rightful authority can we undertake to pass upon the merits of individual claims sanctioned by the Richmond court? Neither the corporation nor the creditors whose claims are here impugned are before us, or within the reach of the process of this court. Furthermore, the fraud now complained of, if proved, would not invalidate the whole proceedings in the Virginia courts. It is not denied that there are creditors of the corporation who have just claims which should be paid. Now, those creditors are not responsible for the fraud alleged, and they ought not to be prejudiced thereby. There are no assets for the payment of unquestioned and unimpeachable claims except the unpaid stock subscriptions. The trustee appointed by the Virginia court of chancery, acting under the above-recited decrees, is proceeding to collect the stock assessments for the payment of the debts of the corporation. The distribution of the fund so to be raised is exclusively a matter for the Virginia chancery court. Indeed, that court is dealing with a trust over which it has acquired rightful jurisdiction. The complainants, therefore, in seeking redress here, are in the wrong forum. Their application for relief against the consequences of the alleged fraud should be addressed to the Virginia court. The case, we think, falls directly within the principle of the decision in *Graham* v. *Railroad Co.*, 118 U. S. 162, 6 Sup. Ct. Rep. 1009. We must assume that the Virginia chancery court is freely open to the complainants, and it is not to be doubted that upon proper complaint that tribunal will investigate the facts, and grant appropriate relief if fraud should be shown. In the mean time the worst that can befall the complainants is that a greater sum may be collected by execution at law than Foote's just proportion of the valid claims against the corporation as they may be established ultimately. But, if this should prove to be the case, the excess will be refunded; and, assuredly, the possibility that he may now be compelled to pay more than may be needed in the end affords no equitable ground for restraining execution upon the judgment which the trustee has recovered against him upon the assessments and calls made by the chancery court. *Kennedy* v. *Gibson*, 8 Wall. 498, 505. We must deny the motion for a preliminary injunction, and dissolve the restraining order heretofore made.

GREEN, District Judge, concurs.