CASE 81—ACTION FOR UNPAID STOCK ASSESSMENTS—FEB. 11.

## Calloway v. Glenn, Trustee.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

1. JUDGMENTS OF SISTER STATE—STOCKHOLDERS BOUND BY JUDGMENT AGAINST CORPORATION.—Stockholders are in privity with the corporation in matters touching the corporate management, and are bound by a decree against the corporation making calls for unpaid stock to pay corporate indebtedness; and under Article IV., Sec. 1, of the Constitution of the United States, a decree of a court of Virginia, having jurisdiction of the subject-matter and of the corporation, making the call can not be attacked here.

2. SAME—LIMITATION.—Limitation does not run in favor of a stockholder on a claim for unpaid stock subscription to pay corporate debts, until a call has been made.

W. S. PRYOR FOR THE APPELLANT.

Calloway was not a party to the action in the Virginia court by either actual or constructive service and was not bound by the judgment rendered in that action. In Hawkins v. Glenn, 131 U. S., 319, the question whether the stockholders were bound by the Virginia judgment was not suggested. The Maryland case involving a similar question is not sound law. Williams v. Preston, 3 J. J. M., 601; Trippe v. ——, 82 Ind., 308.

J. C. WICKLIFFE, ALSO FOR THE APPELLANT.    (No brief on file.)

HELM & BRUCE, FOR THE APPELLEE.

1. When a suit is brought by a judgment creditor against an insolvent corporation for the purpose of winding up its affairs, including a collection of its unpaid stock subscription and other assets, and a distribution thereof, the defendant corporation in such suit represents its stockholders; and a judgment therein

Calloway v. Glenn, Trustee.

making an assessment upon the stockholders on their unpaid subscriptions is conclusive upon the stockholders and can not be collaterally attacked; though of course when a stockholder is sued upon such a call, pursuant to such a judgment, he has the right to deny that he subscribed for the stock, or that he is a stockholder.   Hawkins v. Glenn, 131 U. S., 332; Hambleton v. Glenn, 72 Md., 354; 20 Atl., 122. ·

2. In a direct attack which was made upon the decree now sought to be enforced here in the court upheld the decree.   Hambleton v. Glenn, 85 Va., 901; 9 S. E., 129.

3. The statute of limitations does not begin to run against a liability pursuant to a call made by judicial direction on such a stock subscription, until the order of court making the call is entered.   Hawkins v. Glenn, 131 U. S., 332.

4. The judgment of a court of competent jurisdiction is not only final as to all matters determined by it, but as to every other matter incident to the cause, or properly belonging to the subject of the litigation, and which the parties might have put in issue and had determined.   Hall v. Foreman, 82 Ky., 508; Hambleton v. Glenn, 72 Md., 357; 20 Atl., 123.

W. S. PRYOR, FOR THE APPELLANT. IN PETITION FOR A REHEARING.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

In 1865 the "National Express & Transportation Company," a corporation, was organized under the laws of the State of Virginia.  The appellant, Calloway, subscribed for $2,500 of its capital stock.  Only twenty per cent. of the stock seems to have been paid to the corporation by the subscribers.  In 1866 it became insolvent, and made to certain persons an assignment of its property in trust for the benefit of its creditors.  The trustees seem to have done nothing, or but little, towards executing the trust, and one of the creditors filed a bill in the chancery court of the city of Richmond, State of Virginia, to enforce it; and the court removed the trustees, and appointed John Glenn in their stead.  The court ascertained the debts of the corporation, and adjudged that eighty per cent. of

the stock subscriptions were unpaid, and that it was necessary to collect part of the unpaid stock for the payment of the claims of the creditors. To this proceeding the corporation and trustees were parties. As the officers of the corporation had failed to make a call, the court made the call of thirty per cent. upon the stock, with which to pay the debts. In July, 1883, the court authorized the trustee to accept a compromise of twenty-five per cent. of the indebtedness, so far as the stockholders might offer to pay same within the period of six months from the entry of the order. The trustee failed to give the appellant notice, because of his inability to ascertain his address; he having changed his residence from Virginia to Kentucky. In an action, filed in 1885, in the United States Circuit Court, the appellant was, in October, 1886, adjudged to pay the thirty per cent. of his subscription, as decreed in the chancery court, which he did. On March 26, 1886, the chancery court, in the case mentioned, adjudged that it was necessary to, and did, make an additional call of fifty per cent. on the stockholders, and the object of this action is to recover the amount of that assessment.

The question in this case is, what effect should be given to the judgment of the chancery court of the city of Richmond? If it is conclusive, then none of the defenses relied upon by the appellant is available. Judge Robertson, whose genius and erudition enabled him to write so luminously and perspicuously that every important legal question he discussed was made interesting, and was adorned by his pen, did not allow his reputation to suffer in delivering the opinion in Williams v. Preston, 3 J. J. Marsh., 601, [20 Am. Dec., 179], wherein he considered the faith and credit which should be given to judgments of courts in sister States, and said that they should be in-

terpreted "so as to entitle the judgments and decrees of a co-state to precisely the same effect in any other State as it would have by the laws of the State where it had been rendered. If, therefore, this decree would be conclusive in Virginia, it must be conclusive here. If it be only *prima facie* evidence there, it is *prima facie* here. If it be void there, it is void here."

This conclusion was correct, because section 1, article 4, of the Constitution of the United States, provides "that full faith and credit shall be given in each State to the public acts, records and judicial proceedings of every other State," and, pursuant to that provision of the Constitution, the Congress enacted a law in which it is declared that records properly authenticated "shall have such faith and credit given to them in every court within the United States, as they have by any law or usage in the courts of the State from which the said records are or shall be taken."

In *Williams v. Preston*, it is said: "This court would not dispute a regular judgment, rendered by a competent court of another State according to her local laws, as expounded by her supreme authority, so far as it had the right to expound and settle them."

The doctrine was announced in that case that a personal judgment rendered in Virginia against a defendant, a resident of this State, who was not served with a process in that State, or who had not entered his appearance to the action, was invalid. The decree rendered in Virginia, upon which this action was brought, was not a personal judgment. The court had jurisdiction of the subject matter of the litigation, and jurisdiction of the bankrupt corporation and its trustee, and it could rightfully settle the trust estate, and determine who

were the creditors of the estate and the liability of the stockholders in the corporation. There was a liability on the stockholders of the corporation to pay the stock subscribed whenever assessed by its officers. The officers of the corporation having failed to make the assessment on the stockholders to meet the demands of its creditors, it became the duty of the chancery court to do that which its officers had failed to do, to wit, assess the stockholders, and require its trustee to collect from them money sufficient to meet the demands of its creditors.

In *Williams v. Preston* the question was not involved or considered as to what was the effect of the judgment in a sister State as to privies; nor was the question involved in that case as to what would be the effect on the rights of stockholders in an action to which the corporation was, but they were not parties, of a judgment making a call upon them for the payment of unpaid stock. At that time but few questions were arising in the courts of this State involving corporate rights, or the rights of stockholders therein. The stockholder is so far an integral part of the corporation that, in view of the law, he is privy to·the proceedings touching the body of which he is a member.

It was said in Sanger v. Upton, 91 U. S., 56: "It was not necessary that the stockholders should be before the court when it [the order] was made, any more than that they should have been there when the decree of bankruptcy was pronounced. That decree gave the jurisdiction and authority to make the order. The plaintiff in error could not, in this action, question the validity of the decree; and for the same reason she could not· draw into question the validity of the order. She

could not be heard to question either, except by a separate and direct proceeding had for that purpose."

This court has its labors very much simplified and lightened by reason of the adjudications of the Supreme Court of the United States, the Supreme Court of Appeals of Virginia, and the Court of Appeals of Maryland, in which cases were considered the identical questions involved in this case, and were actions based upon the decree sought to be enforced in this action, except, in the Virginia case, it was a direct attack upon it.

In Hawkins v. Glenn, 131 U. S., 332 [Sup. Ct., 743], the court had under consideration the question as to the effect of the decree which is the basis of this action, and said: "We think it can not be doubted that a decree against a corporation, in respect to corporate matters, such as the making of an assessment in the discharge of a duty resting on the corporation, necessarily binds its members, in the absence of fraud, and that this is involved in the contract created in becoming a stockholder.

The decree of the Richmond Chancery Court determined the validity of the assessment and that the lapse of time between the failure of the company and the date of the decree did not preclude relief, by creating a bar through statutes of limitation or the application of the doctrine of *laches*. And so it has been held in numerous cases referred to in the argument. The court may have erred in its conclusions, but its decree can not be attacked collaterally, and, indeed, upon a direct attack, it has already been sustained by the Virginia Court of Appeals."

Hamilton v. Glenn, 85 Va., 901 [9 S. W., 129], was a direct attack upon a decree, and the court held that the stockholders were not necessary parties to the action, and were bound by it.

In Hambleton, &c., v. Glenn, Trustee, 72 Md., 331 [20 Atl., 115], the court had under consideration the question involved in this case, and it sustained the decree.

We are of the opinion that from the nature of the contract which the appellant entered into when he became a stockholder in the company, he is a privy to the decree, and is bound by it. The authorities to which we have called attention fully sustain this proposition, and they also hold that the statute of limitation did not begin to run until after the court entered an order assessing the stockholders. It therefore follows that the plea of limitation is not available. The defense that compromises were made with some of the stockholders under the decree of 1883 is not good, because the conclusive nature of the decree making the call for the fifty per cent. precludes such a defense here. The judgment is affirmed.