## Redwine et al. v. Dorman, Banking Com'r et al.

(Decided April 20, 1934.)

A. H. HARGIS for appellants.
O. H. POLLARD for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

The banking commissioner recovered the following judgments against J. R. Blake, $500; J. S. Redwine, $5,500; Elbert Hargis, $3,700; J. P. Crain, $2,000; and A. H. Hargis, $38,000 from which the defendants have appealed.

These judgments were recovered upon a 100 per cent. assessment made upon these defendants as owners of the capital stock of the Hargis Bank & Trust Company, and we shall state and dispose of the grounds for reversal as we reach them.

### Jurisdiction of Defendants.

Defendants contend these judgments were taken against them without personal service being had upon them, but we have spent no time investigating that, as the defendants not only filed a general demurrer but also filed an answer, thereby entering their appearance, hence they were before the court whether served with process or not.

### Limitations.

The Hargis Bank & Trust Company failed on February 6, 1930. On the following day the banking commissioner of Kentucky attempted to take charge of its assets. That act resulted in litigation which was settled in favor of the banking commissioner in Com. ex rel. Denny v. Hargis Bank & Trust Co., 233 Ky. 801, 26 S. W. (2d) 1045. It was then his duty to proceed with the liquidation of the Hargis Bank & Trust Company as required by section 165a-17, Ky. Stats., and under the direction of the circuit court, before which such liquidation is special proceeding. See sections 1 and 3 of Civil Code of Practice, and Milner v. Gibson, 249 Ky. 594, 61 S. W. (2d) 273.

On July 12, 1932, the Breathitt circuit court found it would be necessary, and directed the banking commissioner, to make and collect a 100 per cent. assessment against the stockholders of the Hargis Bank & Trust Company. On March 24, 1933, he filed in the Breathitt circuit court the pleading on which these judgments were taken, basing his cause of action upon the assessment made under the direction given him, his demand therefor made on the defendants and their failure to pay. To this the defendants undertook to plead limitations by alleging that more than six months, more than one year, and more than two years have elapsed

since the Hargis Bank & Trust Company failed. That is not sufficient. This action to recover judgments against these defendants is based on section 595 Ky. Stats., which is often called "The Double Liability Statute," it is a liability created by statute, and, hence, by section 2515, Ky. Stats., it must be enforced within five years after the cause of action accrues. When such a cause of action accrues is a matter about which courts are not agreed, see 7 C. J. p. 515, sec. 97, but in this state the cause of action is held to accrue when the liquidating officer is directed to make the assessment. See Calloway v. Glenn, 105 Ky. 648, 49 S. W. 440, 20 Ky. Law Rep. 1447; Denny, Com'r, v. Kennedy, 229 Ky. 178, 16 S. W. (2d) 1030, so there is no merit in the plea of limitations.

### The Order of Assessment.

Defendants contend the order of assessment was void because they show in brief, but not elsewhere, that on March 25, 1929, Hon. Chester A. Bach entered in order book 28, p. 44, of the Breathitt circuit court, an admission of his disqualification to sit in any case wherein A. H. Hargis or the Hargis Bank & Trust Company is a party. We can take no notice of such an admission unless it is brought to us over the certificate of the clerk, but if that were here, we would have no evidence Judge Bach was presiding when the order for assessment of these stockholders was made, but if that were shown, we have no evidence the stockholders made any objection to his entering the order, but if they had a showing that they had then made most strenuous objection that cannot avail them here. Admitting for the sake of argument every fact contended for by the defendants regarding Judge Bach's admitted disqualification that does not deprive him of the power to make this assessment, it is still something he could but should not do. His act, to say the most, was not void, but erroneous, and defendants should have taken steps against it directly in the liquidation proceedings to have it set aside or to correct it by an appeal from that order; they cannot attack it collaterally in this proceeding.

### Necessity for the Assessment.

The defendants in their answer endeavored to raise the question of the insolvency of the bank when this assessment was made and to contest the necessity for this assessment. As basis for this contention, they al-

lege they were not served with process or made parties to the liquidation proceedings. This question has repeatedly been decided against them. See Calloway v. Glenn, 105 Ky. 648, 49 S. W. 440, 20 Ky. Law Rep. 1447; Reddick v. U. S. B. & L. Ass'n, 106 Ky. 94, 49 S. W. 1075, 20 Ky. Law Rep. 1720; Ewald's Ex'r and Trustee v. City of Louisville, 192 Ky. 279, 232 S. W. 388; Corrington v. Crosby, 54 N. D. 614, 210 N. W. 342, 48 A. L. R. 660; Selig v. Hamilton, 234 U. S. 652, 34 S. Ct. 926, 58 L. Ed. 1518, Ann. Cas. 1917A, 104; Converse v. Hamilton, 224 U. S. 243, 32 S. Ct. 415, 56 L. Ed. 749, Ann. Cas. 1913D, 1292; Johnson v. Libby, 111 Me. 204, 86 A. 647, Ann. Cas. 1916C, 681; Howarth v. Lombard, 175 Mass. 570, 56 N. E. 888, 49 L. R. A. 301; King v. Cochran, 76 Vt. 141, 56 A. 667, 104 Am. St. Rep. 922; Irvine v. Baker (D. C.) 225 F. 834; Fletcher Cyclopedia Corporations (Permanent Ed.) sec. 6522; 7 C. J. p. 517, sec. 104.

In 15 R. C. L. p. 1034, sec. 509, we find this:

"It is generally held that a judgment against a corporation is conclusive against its stockholders in an action to enforce their statutory liability to creditors, although they are not parties to the suit as individuals, and were not served, and were residents of other states."

The reason underlying this is that when these defendants became stockholders in this bank, they agreed it might represent them in the sphere of its activities, and section 595, Ky. Stats., became as much a part of their stock certificates as if written therein, and its contracts and liabilities became the contracts and liabilities of these defendants, "to the extent of the amount of their stock at par value in addition to the amount of such stock." The bank was before the court in the liquidation proceeding when this assessment was made, it represented its stockholders, and, when the court in the liquidation proceeding found this assessment would be necessary, that finding until modified by appropriate steps in that proceeding or corrected by appeal was in this proceeding conclusive not only on the bank but on its stockholders, thus represented by it.

The stockholders have no more right in this proceeding for the recovery of the assessment made against them to question the insolvency of this bank and the necessity for the assessment than they would have to

reopen and relitigate a claim against the bank that had been reduced to judgment against it in the liquidation or any other proceeding, to which it was a party.

The judgments are affirmed.