## Bridges et al. v. Wilhoit, Banking and Securities Com'r, et al.

March 24, 1939.

W. C. Jonson, Judge.

672

NEWTON BELCHER for appellants.

SAM T. JARVIS for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Dismissing appeal.

The Citizens Bank of Drakesboro, Drakesboro, Kentucky, was closed for liquidation by a resolution of its Board of Directors on June 19, 1933. The State Banking and Securities Commissioner immediately took charge of the bank and began the process of liquidation. Section 165a-17, Kentucky Statutes. On September 11, 1937, the then Special Deputy Banking and Securities Commissioner in charge of the liquidation of the

Bank filed an ex parte proceeding in the Muhlenberg Circuit Court seeking authority to make an assessment of 100% against the stockholders in order to meet the Bank's remaining liabilities of $6,814.74. The petition set forth that it had been reported to the court that the Citizens Bank of Drakesboro was insolvent, and that there were not sufficient assets to pay all claims against the bank. It was alleged also that the need for an assessment of 100% was based upon information that such an assessment would realize only approximately one-half of the amount of the total capital stock of $15,000, because of the insolvency of some of the stockholders.

On September 13, 1937, the circuit judge entered an order wherein it was set forth that the cause having been submitted on the pleadings, exhibits and records in the circuit clerk's office it was ordered and adjudged that the stock of each and every stockholder be assessed, and that they pay to the Special Deputy Banking and Securities Commissioner an amount equal to 100% of the par value of the stock owned by them at the time the Bank was placed in liquidation. The order also set forth that the Special Deputy was authorized and directed to collect from each stockholder the sum directed to be paid under the order. On September 22, 1937, the court in an amended order in the same proceeding authorized and empowered the State Banking and Securities Commissioner to file such legal proceedings as became necessary to enforce the assessment against each stockholder in the event the assessment was not paid on demand.

On November 20, 1937, the liquidating agent (Special Deputy) filed suit against the stockholders of the Bank wherein, among other things, the order of the circuit court entered at the September 1937 term was referred to, and wherein judgment was prayed against each stockholder for the amount due by them under the 100% assessment.

On January 12, 1938, a group of stockholders filed a plea to abate and dismiss the suit against them on the grounds that (1) the petition stated no facts showing a necessity for the attempted assessment and there had been no adjudication that the assets were insufficient to pay the debts of the insolvent bank when properly administered, or that the assets had been

properly administered; (2) there had been no adjudication of facts showing the necessity for the assessment, and there had been no showing of a proper administration of the assets; (3) the court has no right in an ex parte proceeding, except to examine the administration of the assets, and in the event the administration is found to be proper, to determine the remaining indebtedness and then to direct the liquidating agent to make an assessment for that amount, and also the court has no right actually to make the assessment; and (4) granting that the court has jurisdiction and that there has been an adjudication of facts showing the necessity for an assessment, the records in the proceeding show that the liabilities amount to $6,814.74, which would require an assessment of only 45.4316% instead of 100%.

On January 27th, an intervening petition was filed in the ex parte proceeding by a group of stockholders. On January 29, 1938, the suit to enforce the collection of assessments was submitted on the plea of abatement, and the plea was overruled. On the same date the circuit judge entered an order in the ex parte proceeding setting forth that the cause had been submitted for trial upon the motion of certain defendants to vacate and modify the order entered at the September term of court, 1937, and adjudging that the motion, in so far as it sought to vacate said order upon the ground that it was void, was overruled. It was further adjudged that the order entered at the September term of court was erroneous in that an assessment of 100% was made on the capital stock owned by the several stockholders of the Citizens Bank of Drakesboro when it closed in 1933, and that the order be corrected and modified so as to authorize the Banking and Securities Commissioner to make an assessment of 45.4316% and to bring such action or to take such proceedings as may be necessary to enforce the collection of said assessment. The defending stockholders have prosecuted this appeal from the order entered January 29, 1938, in the ex parte proceeding, which appeal was granted by the circuit judge.

Since we have reached the conclusion that the order from which the stockholders are attempting to appeal is not a final order in the cause from which an appeal may be prayed to this Court, we do not deem it necessary to consider the grounds advanced by the appel-

lants for reversal, except in a general way. It is urged that the order relating to the assessment entered at the September 1937 term of court was void because the court attempted to make the assessment, rather than to authorize the liquidating agent to do so. Section 547a of the Statutes, relating to the enforcement of liability, provides:

> "That any trustee, assignee for the benefit of creditors, receiver or commissioner, having in his hands for administration and settlement any estate of an insolvent bank, trust company, guaranty company, investment company or insurance company, under the orders or appointment of any court of competent jurisdiction, when found necessary under the proper administration of the assets and the settlement of said estate, shall have the right and it is hereby made his duty upon the order of the court appointing him or upon the order of any court to which the application may be made in case the original appointment was not made by a court, to bring such action or take such proceedings as may be necessary and proper to enforce the liability imposed upon the stockholders of any such companies or corporations by K. S. sec. 547, chapter 32."

Section 595 provides for the liability of stockholders of banks.

Since the liquidation of an insolvent bank is carried on under the jurisdiction and supervision of the circuit court (section 165a-17 of the Statutes), and in the light of the provisions of section 547a it is clear, as pointed out in the cases of Milner v. Gibson, 249 Ky. 594, 61 S. W. (2d) 273, and Redwine v. Dorman, Banking Commissioner, 254 Ky. 348, 70 S. W. (2d) 933, that the liquidation of an insolvent bank is a special proceeding. In the case of Wilson, Banking Commissioner, v. Combs, 242 Ky. 203, 45 S. W. (2d) 1055, 1057, it was said:

> "A reasonable interpretation of the applicable statutes makes it clearly certain that the purpose of the Legislature in requiring such precedent steps is to procure a judicial or quasi judicial manifestation of the facts showing the necessity for the collection of the double liability trust fund in order to pay the debts of the corporation, and it would appear that, when the required procedure was taken

by one immediately connected with the bank and charged with the duty of winding up its affairs, although he be a deputy instead of a principal official, it would satisfy the requirements.''

We think, therefore, that the order of the circuit court entered at the September, 1937, term was not void because of the wording used relative to the making of the assessment. When the amended order entered on September 22, 1937, is considered in connection with the original order, it is clear that the court meant to authorize the liquidating agent to make and collect the assessment. In any event the order entered by the circuit court on January 29, 1938, clarified the wording of the order entered at the September 1937 term, in so far as the assessment was concerned, and corrected also the error made in the first order as to the percentage of assessment to be collected.

In view of the fact that the capital stock of the Bank was $15,000 and the remaining liabilities were $6,814.74, the first order erroneously fixed the assessment at 100%. In the case of Dorman, Banking Commissioner, v. Adams, 247 Ky. 678, 57 S. W. (2d) 534, it was said (see page 684, 57 S. W. (2d) page 537):

"Under either or both sections, every stockholder in a bank is responsible for the double liability, but the liability is several and individual, and they should be assessed and required to pay equally and ratably, but not one for the other. For example, if in this instance the liabilities should exceed the assets by $150,000 (the capital stock being $200,-000), a 75 per cent. assessment would be necessary, and each holder of one share would be assessed and required to pay 75 per cent. of the par value of his share, or $75, and this without regard to whether other stockholders were insolvent or for any reason failed to pay their assessment.'' (Citing cases.)

As the record now stands, the circuit court has properly authorized an assessment of 45.4316% of the amount of capital stock owned in the Citizens Bank of Drakesboro by each stockholder at the time the bank closed June 19, 1933. If these assessments are not paid, the Banking and Securities Commissioner may file suit to enforce their collection. As indicated herein, a suit to enforce the collection of the erroneous 100% assess-

ment has already been filed. The liquidating agent should be permitted to amend his petition in that suit as to the proper assessment to be collected. The stockholders may set forth in that action such defenses as they may have in resisting the payment of the assessment. An appeal may be prosecuted from any final judgment in the proceeding to enforce the collection of the assessments, from which an appeal may be prayed to this Court.

Wherefore, for the reasons given herein, the appeal is dismissed.