## Taylor et al. v. Dorman, State Banking and Securities Commissioner, et al.

June 9, 1939.

George S. Wilson, Judge.

Thomas E. Sandidge for appellant.

Ben D. Ringo, Clements & Clements, W. J. Price and L. E. Birdzell for appellee.

OPINION OF THE COURT BY SIMS, COMMISSIONER—
Affirming.

The Bank of Lewisport was closed, as an insolvent institution, August 4, 1934, at which time it was a member of the Federal Deposit Insurance Corporation, which will be referred to hereinafter as the Corporation. This Corporation was created by the Federal Deposit Insurance Law enacted by Congress in 1933, 48 Stat. 162. The Act provided for the Corporation to insure the depositors in member banks not exceeding $2,500 per depositor, (by a subsequent amendment this was raised to $5,000), in consideration of a premium based upon a per cent of the deposits.

The Kentucky State Banking and Securities Commissioner, J. R. Dorman, took over the liquidation of the Bank of Lewisport and filed a petition in the Hancock Circuit Court alleging that upon liquidation the bank would be insolvent to the extent of $20,000, and requested authority from the court to assess and collect 100 per cent of the par value of the stock owned by the bank's stockholders for the benefit of the Corporation, which had paid the depositors according to its contract.

Subsequently the Corporation filed an intervening petition in this proceeding alleging it had paid the depositors of the Lewisport Bank the amount of their deposits up to $5,000 per depositor, and that by reason

thereof the bank was indebted to it in the sum of $31,920.91; that after the assets of the bank are exhausted it will owe the Corporation in excess of $20,000 and that it is necessary to assess the stockholders 100 per cent on the par value of the stock owned by them; that in the Act of Congress creating the Corporation, it is provided the Corporation shall take from each depositor, whose deposit it pays, a written assignment to the Corporation of such depositor's entire title and interest in and to all rights against the closed bank arising out of such deposit, and thereby the Corporation will be subrogated to the rights which such depositor might have against the closed bank, and the Corporation is given the right to receive all dividends to which such depositors might be entitled by reason of their deposits; that each depositor of the Bank of Lewisport, upon being paid the amount of his deposit by the Corporation, executed to it such an assignment, and that by virtue of these assignments the Corporation has become the subrogee of each depositor of this bank and is entitled to enforce against the stockholders an assessment of 100 per cent on the par value of the stock owned by them in the Lewisport Bank.

The stockholders demurred to the petition of the State Banking & Securities Commissioner, and to the intervening petition of the Corporation, which demurrers were overruled by the court. The stockholders declined to plead further and it was adjudged that the State Banking & Securities Commissioner should proceed to collect from the stockholders 100 per cent on the amount of stock each held in this bank. The stockholders saved exceptions to the ruling of the court and prosecute this appeal to reverse the judgment directing the collection of double liability on their stock. The sole question presented by the appeal is whether the Corporation, after satisfying its insurance obligation to the bank and its depositors, is entitled to be subrogated to the rights of the depositors to proceed against the stockholders to enforce their double liability.

The Corporation's right of subrogation depends upon the correct interpretation of the Federal Deposit Insurance Law enacted in 1933, 48 Stat. 172, as amended June 16, 1934, 48 Stat. 969, 12 U. S. C. A., Section 264 (l). We quote the following pertinent parts of the Act:

"the Corporation shall be subrogated to all

rights against the closed bank of the owners of such deposits and shall be entitled to receive the same dividends from the proceeds of the assets of such closed bank as would have been payable to each such depositor. * * *

"It shall be the duty of the Corporation to realize upon the assets of such closed bank * * * to enforce the individual liability of the stockholders and directors thereof; and to wind up the affairs of such closed bank in conformity with the provisions of law relating to the liquidation of closed national banks, except as herein otherwise provided, retaining for its own account such portion of the amount * * * as it shall be entitled to receive on account of its subrogation to the claims of depositors."

The stockholders contend that under the Act the Corporation was subrogated only to the rights of the depositors against the bank, and that Hughes v. Marvin, Bank Commissioners, 216 Ky. 190, 287 S. W. 561, and Denny, State Banking Commissioner, v. Kennedy, 229 Ky. 178, 16 S. W. (2d) 1030, hold that the obligation of the stockholders relative to their double liability is secondary and is not an asset of the bank; and not being an asset of the bank, the Corporation has no claim thereon. It is true these cases hold the liability of the stockholder to be assessed the par value of the stock each owns is a secondary liability and is not an asset of the bank, but they further hold the double liability is for the benefit of the creditors of the bank and may be enforced against the stockholders. Section 595, Kentucky Statutes, as it was in 1934 and before the 1936 amendment, provided that all stockholders of bank organized under the Kentucky Statutes were liable for all contracts and liabilities of such banks to the extent of the amount of their stock at par. In construing this statute in Redwine et al. v. Dorman, Banking Commissioner, 254 Ky. 348, 70 S. W. (2d) 933, this court held that the stockholders of a bank agreed the bank might represent them in the sphere of its activities and that Section 595, Kentucky Statutes, became as much a part of their stock certificates as if written therein, and the contractual liabilities of a bank became those of the stockholders to the extent of the amount of their stock at par value. This is the rule of the United States Supreme Court, Richmond v. Irons, 121 U. S. 27, 7 S. Ct. 788, 30 L. Ed. 864;

Bernheimer v. Converse, 206 U. S. 516, 27 S. Ct. 755, 51 L. Ed. 1163, and it is followed by other states, Corrington et al. v. Crosby et al., 54 N. D. 614, 210 N. W. 342, 48 A. L. R. 660.

The Bank of Lewisport was indebted to its depositors in the amount of their respective deposits and the stockholders were liable to these depositors to the extent of the par value of their stock. When the Corporation paid these depositors it took written assignments from them of all their rights and claims against the Bank of Lewisport. Under the Redwine case the claims of the depositors against the bank included their claims against the stockholders on their double liability, since the bank was the representative of the stockholders so far as the depositors were concerned. The depositors of the bank had the right to enforce the double liability against the stockholders and when the Corporation paid the depositors and took from them written assignments of all their claims against the bank, such assignments of necessity included the right to enforce the claims of the depositors against the stockholders on their double liability. The claim of the depositors against the stockholders on their double liability exists only by virtue of their claim against the bank, and when the depositors assigned their claims against the bank, such assignments included their claim against the stockholders on their double liability.

The Federal Deposit Insurance Law recites that the Corporation shall be subrogated to all rights of the depositors against the closed bank. We have said above that the rights of the depositors against the bank include their rights against the stockholders on their double liability. The Act further provides it to be the duty of the Corporation to enforce the individual liability of the stockholders. When the Act subrogated the Corporation to all the rights of the depositors against the closed bank, and then placed the duty on the Corporation to enforce the individual liability of the stockholders, it cannot be construed otherwise than as meaning that the Corporation should collect for itself the claims the depositors had against the stockholders by reason of their double liability. We cannot agree with appellants that because the Act of 1934 did not say in so many words that the Corporation should recover from the stockholders their liability to depositors, while the 1935 amendment of the Act, 49 Stat. 694, 12 U. S. C. A., Section 264(l), did so state, that it was not the intention of

the 1934 Act to give the Corporation the right to such recovery from the stockholders.

Counsel on both sides devote considerable space in their briefs in arguing the proposition whether or not equity would subrogate the Corporation to the rights of the depositors against the stockholders upon payment of the amounts of their deposits, up to $5,000 each. As it is plain to us the Federal Deposit Insurance Act provided that the Corporation shall be subrogated to the rights of the depositors against the stockholders upon paying them the amounts of their deposits, we see no reason to go into the question of whether or not equity would also subrogate the Corporation to the rights of the depositors against the stockholders.

The judgment is affirmed.