# CONVERSE, RECEIVER, *v.* HAMILTON.
## SAME *v.* McCAULEY.

ERROR TO THE SUPREME COURT OF THE STATE OF WISCONSIN.

Nos. 42, 43. Argued November 7, 1911.—Decided April 1, 1912.

This court looks to the constitution and statutes of a State and the decisions of its courts to determine the nature, extent, and method of enforcing the liability of stockholders of a corporation of that State.

The provisions of the Minnesota constitution imposing double liability on stockholders of corporations other than those carrying on manufacturing or mechanical business is self-executing, and under it each

stockholder becomes liable for the debts of the corporation in amount measured by the par value of his stock.

The liability of stockholders under the Minnesota constitution is not to the corporation but to the creditors collectively; is not penal but contractual; not joint, but several; and the means of its enforcement are subject to legislative regulation.

Under § 272 of the Laws of Minnesota, the receiver of a corporation, the stockholders whereof are subject to double liability, is invested with authority to sue for and collect the amount of the assessment established in the sequestration suit provided by the statute.

A receiver to collect the double liability of stockholders of a Minnesota corporation is more than a mere chancery receiver; he is a *quasi*-assignee, invested with the rights of creditors, and he may enforce the same in any court of competent jurisdiction.

As the statute of Minnesota providing for determining whether stockholders of a corporation of that State are subject to statutory double liability does not preclude a stockholder from showing that he is not a stockholder or from setting up any defense personal to himself, it is not unconstitutional as denying due process of law, but is a reasonable regulation, and the jurisdiction of the court is sustained by the relation of the stockholder to the corporation and his contractual obligation in respect to its debts.

While an ordinary chancery receiver cannot exercise his powers in jurisdictions other than that of the court appointing him, except by comity, one who is a *quasi*-assignee and invested with the rights of his *cestuis que trustent* may sue in other jurisdictions, and his right so to do is protected by the full faith and credit clause of the Federal Constitution.

While there are certain well-recognized exceptions to the full faith and credit clause, especially in regard to the enforcement of penal statutes, the right of a receiver of a Minnesota corporation to sue in the courts of another State to recover the double liability imposed on the stockholders is within the rule, and the courts of the latter State are bound to give full faith and credit to the laws of Minnesota and the judicial proceedings upon which the receiver's title, authority and right to relief are grounded.

136 Wisconsin, 589, reversed.

THE facts, which involve the recognition to be given, under the full faith and credit clause of the Federal Constitution, in the courts of a State of a receiver appointed by the courts of another State and the right of such re-

ceiver to enforce double liability against the stockholders in the former State, are stated in the opinion.

*Mr. C. A. Severance,* with whom *Mr. Burr W. Jones, Mr. E. J. B. Schubring, Mr. Frank B. Kellogg* and *Mr. Robert E. Olds* were on the brief, for plaintiff in error:

It was held by the Supreme Court of Minnesota that the manufacturing company was not exclusively a manufacturing or mechanical corporation, and hence the stockholders are liable. *Merchants' National Bank* v. *Minnesota Thresher M. Co.,* 90 Minnesota, 144; *Bernheimer* v. *Converse,* 206 U. S. 516, 524.

The plaintiff receiver under chapter 272 of the General Laws of Minnesota for 1899, and §§ 3184 to 3190, inclusive, of the Revised Laws of 1905, is a representative of the corporation and of its creditors, and has title to the assessments sued upon and is authorized to enforce such assessments by proper proceedings either in that State or elsewhere. *Bernheimer* v. *Converse,* 206 U. S. 516; *Converse* v. *Ayer* (Mass.), 84 N. E. Rep. 98.

Prior to the enactment of chapter 272, the receiver did not have such title, being nothing but the ordinary chancery receiver, and hence he could not maintain an action to recover stockholders' liability outside the State of Minnesota. *Finney* v. *Guy,* 189 U. S. 335; *Hale* v. *Allinson,* 188 U. S. 56; *Finney* v. *Guy,* 106 Wisconsin, 256.

Chapter 272 and §§ 3184 to 3190, Revised Laws of 1905, merely changed and enlarged the remedy for the enforcement of stockholders' liability, and did not change the substantive right, and hence the said laws are constitutional. *Bernheimer* v. *Converse,* 206 U. S. 516; *Converse* v. *Ayer* (Mass.), 84 N. E. Rep. 98; *Straw & Ellsworth* v. *Kilbourne Co.,* 80 Minnesota, 125; *London & Northwest American Mortgage Co.* v. *St. Paul Park Improvement Co.,* 84 Minnesota, 144.

The judgment at law against the thresher company in

the state court of Minnesota and the decree in the subsequent suit based thereon, by which decree the receiver was appointed, cannot be collaterally attacked. Cases *supra* and *Mutual Life Ins. Co.* v. *Phœnix Ins. Co.*, 108 Michigan, 170; *Bank* v. *Lawrence*, 117 Michigan, 669; *Hinckley* v. *Kettle River Co.*, 80 Minnesota, 32; *Parker* v. *Stoughton Mill Co.*, 91 Wisconsin, 181.

Chapter 272 and §§ 3184 to 3190, both declare that assessments levied pursuant to their provisions, which the demurrer admits were followed in this case, are conclusive upon stockholders wherever they may be. *Straw* v. *Kilbourne Co.*, 80 Minnesota, 125, 136; The *Bernheimer Case*, *supra; Converse* v. *Ayer*, 84 N. E. Rep. 100.

Under *Bernheimer* v. *Converse* and other cases decided by this court, full faith and credit must be given in all courts to the interlocutory decrees of the District Court of Washington County, Minnesota, levying the assessments in question. *Hawkins* v. *Glenn*, 131 U. S. 319; *Hancock Nat'l Bank* v. *Farnum*, 176 U. S. 640, and cases therein cited.

There is no question of comity in this case as in *Finney* v. *Guy*, 106 Wisconsin, 256; *S. C.*, 189 U. S. 335; *Hale* v. *Allinson*, 188 U. S. 56.

In *Hunt* v. *Whewell*, 122 Wisconsin, 33, the Wisconsin court erred in holding that the questions were settled by *Finney* v. *Guy*, and so the decision is contrary to *Bernheimer* v. *Converse*.

In the case at bar the question is as to the credit and effect given in the courts of Minnesota in a like action to an assessment there ordered by interlocutory decrees such as those attached to the complaint. An approval of the position of the Supreme Court of Wisconsin in this case would be a distinct disavowal of *Hancock Bank* v. *Farnum*, and the decisions in many other cases in which the constitutional provision requiring full faith and credit to be given to judicial proceedings of sister States, has been

under consideration. It would mean that the right to recover in an action based upon such judicial proceedings would be determined not by the Constitution but by the whim or caprice of the courts of the State where the suit was brought. The law of this case is well stated in the dissenting opinion below of Mr. Justice Timlin.

*Mr. Charles E. Buell,* with whom *Mr. John B. Sanborn* and *Mr. Chauncey E. Blake* were on the brief, for defendant in error:

The question of "full faith and credit" is not involved in this case.

An assessment made by the court upon the stock of an insolvent Minnesota corporation and upon the stockholders thereof in an action to sequester the assets of the corporation is not such a judgment against the stockholders as to come within the full faith and credit clause of the Federal Constitution. *Hale* v. *Allinson,* 188 U. S. 56.

The corporation is not the representative of the stockholder in the sense that it can represent him in making an assessment upon his stock, so as to establish a personal liability. *Hale* v. *Allinson, supra; Hanson* v. *Davison,* 73 Minnesota, 454; *Willus* v. *Mann,* 91 Minnesota, 494; *Lageman* v. *Casserly,* 107 Minnesota, 491; *Finney* v. *Guy,* 106 Wisconsin, 256; *Danforth* v. *Chemical Co.,* 68 Minnesota, 308; *Schrader* v. *Manufacturers' Bank,* 133 U. S. 67.

It has always been the law of Wisconsin, and was always the law of Minnesota until the enactment of chapter 272, Laws of 1899, that upon the insolvency of a corporation whose stockholders were subject to a double liability the only remedy the creditors had to enforce that liability was by an action brought by all the creditors or by one or more creditors on behalf of all against the corporation and all of the stockholders to wind up the corporation, sequester its assets and enforce the double liability of the

stockholders and that the judgment as to such double
liability bound only such of the stockholders as could be
personally served with process within the jurisdiction of
the court or should voluntarily appear in the action and
that no other action could be brought to enforce such
liability either in the State in which the insolvent corpora-
tion was located or elsewhere. *In re Martin's Estate*, 56
Minnesota, 420; *Allen* v. *Walsh*, 25 Minnesota, 543;
*Merchants' Bank* v. *Bailey Mfg. Co.*, 34 Minnesota, 323;
*Minneapolis Base Ball Co.* v. *City Bank*, 66 Minnesota,
441; *Hanson* v. *Davison*, 73 Minnesota, 454; *Coleman* v.
*White*, 14 Wisconsin, 700; *Cleveland* v. *Marine Bank*, 17
Wisconsin, 545; *Merchants' Bank* v. *Chandler*, 19 Wiscon-
sin, 434; *Terry* v. *Chandler*, 23 Wisconsin, 456; *Hurlbut* v.
*Marshall*, 62 Wisconsin, 590; *Gianella* v. *Biglow*, 96 Wis-
consin, 185; *Booth* v. *Dear*, 96 Wisconsin, 516; *Gager* v.
*Marsden*, 101 Wisconsin, 598; *Foster* v. *Posson*, 105 Wis-
consin, 99; *Finney* v. *Guy*, 106 Wisconsin, 256; *Eau Claire
Nat. Bank* v. *Benson*, 106 Wisconsin, 624; *Hunt* v. *Whewell*,
122 Wisconsin, 33; *Hale* v. *Allinson*, 188 U. S. 56; *Finney*
v. *Guy*, 189 U. S. 335.

Chapter 272, Laws of Minnesota for the year 1899, and
the amendments thereto have not changed the legal as-
pect of this case.

Whether or not a right exists depends on the law of the
State where it was created; the remedy for enforcing such
right depends upon the law of the forum where it is
sought to be enforced. *Herrick* v. *Minneapolis & St. Louis
Ry. Co.*, 31 Minnesota, 11; *Northern Pacific Railroad* v.
*Babcock*, 154 U. S. 190, 197; *Marshall* v. *Sherman*, 148
N. Y. 9; *Leucke* v. *Treadway*, 45 Mo. App. 507.

A receiver has no extraterritorial jurisdiction or power
of official action and is not entitled, as matter of right, to
sue in a foreign jurisdiction; and the refusal of another
State to entertain such suit does not amount to failure to
give full faith and credit to the laws and judgments of the

State of appointment within the meaning of the Federal Constitution. High on Receivers, § 239; *Booth* v. *Clark,* 17 How. 322; *Filkins* v. *Nunnemacher,* 81 Wisconsin, 91; *Farmers' & Merchants' Ins. Co.* v. *Needles,* 52 Missouri, 17; *Brigham* v. *Luddington,* 12 Blatchf. 237; *Hagard* v. *Durant,* 10 Fed. Rep. 471..

The statutes of a State have no extraterritorial force. A foreign receiver cannot, as matter of right, maintain an action outside of the State of his appointment. He is often permitted through comity, or the courtesy of a sister State, to maintain an action therein; but never where the courts of such sister State have declared the maintenance of such action to be against the public policy of that State or that the rights of its citizens would be thereby jeopardized or impaired. High on Receivers, § 241; *Comstock* v. *Frederickson,* 51 Minnesota, 350; *Mercantile Bank* v. *MacFarlane,* 71 Minnesota, 497; *Hanson* v. *Davison,* 73 Minnesota, 454 (455); *Herrick* v. *Minneapolis & St. Louis Ry. Co.,* 31 Minnesota, 11; *New Haven Nail Co.* v. *Linden Spring Co.,* 142 Massachusetts, 349; *Post & Co.* v. *Toledo &c. R. R. Co.,* 144 Massachusetts, 345; *Higgins* v. *Central N. E. R. R.,* 155 Massachusetts, 176; *Howarth* v. *Lombard,* 175 Massachusetts, 570; *Smith* v. *Mutual Life Ins. Co.,* 96 Massachusetts, 336; *Rice* v. *Hosiery Co.,* 56 N. H. 114, 127; *Nimick & Co.* v. *Mingo Iron Works Co.,* 25 W. Va. 184; Rover on Interstate Law, 167, 226; *Foster* v. *Glazener,* 27 Alabama, 391; *Stevens* v. *Brown,* 20 W. Va. 450 (460, 461); *Gilman* v. *Ketchum,* 84 Wisconsin, 60; *Sobemheimer* v. *Wheeler,* 45 N. J. Eq. 614; *Disconto Gesellschaft* v. *Umbreit,* 127 Wisconsin, 651; *Bagby* v. *A. M. & O. R. Co.,* 86 Pa. St. 291; *Falk* v. *Jones,* 49 N. J. Eq. 484; *Finney* v. *Guy,* 189 U. S. 335 (345).

Whether or not a complaint in a state court states a cause of action, no Federal question being involved, is exclusively for the state court to determine. *Finney Case,* 189 U. S. 335; *Johnson* v. *New York Life Ins. Co.,* 187

U. S. 491, 496; *Allen* v. *Alleghany Co.*, 196 U. S. 458; *Kirtley* v. *Holmes*, 46 C. C. A. 102; 107 Fed. Rep. 1; *Lewis* v. *Clark*, 64 C. C. A. 138; 129 Fed. Rep. 570; *Rogers* v. *Riley*, 80 Fed. Rep. 759; *Burr* v. *Smith*, 113 Fed. Rep. 858.

The validity of chapter 272, Laws of Minnesota for 1899, and the amendments thereto are not drawn in question in this case; hence no Federal question is raised.

Where a case turns upon the construction and not upon the validity of statute of another State it does not necessarily involve a Federal question. *Finney* v. *Guy*, 189 U. S. 335, 340; *Johnson* v. *New York Life Ins. Co.*, 187 U. S. 491, 496; *Allen* v. *Alleghany Co.*, 196 U. S. 463; *Lloyd* v. *Matthews*, 155 U. S. 222; *Banholzer* v. *New York Life Ins. Co.*, 178 U. S. 402; *Johnson* v. *New York Life Ins. Co.*, 187 U. S. 491.

Upon demurrer to a complaint alleging the law of another State the defendant is not concluded by such allegations; the court will examine the statutes and decisions of such State and determine for itself whether the law is as pleaded. *Finney* v. *Guy*, 189 U. S. 335 (343, 344); *Knickerbocker Trust Co.* v. *Iselin*, 185 N. Y. 54 (58).

There is nothing in any of the cases arising under the amended Minnesota statute and decided by this court since the amendment to the Minnesota law in conflict with the decision of the Wisconsin court in *Hunt* v. *Whewell*.

In *First National Bank of Ottawa* v. *Converse*, 200 U. S. 425; *Bernheimer* v. *Converse*, 206 U. S. 516; *Converse* v. *First National Bank of Suffield*, 212 U. S. 565, and *Converse* v. *Stewart*, 218 U. S. 666, no question was raised as to whether the action was against the public policy of the State where brought or whether a remedy was provided by the Minnesota law different from that of the *lex fori*, and which remedy was denied the citizens of the State where such action was brought, or whether this court

would compel a state court to entertain such action against its solemn declaration that by so doing it would subject its citizens to great and manifold injustice and hardship. *Howarth* v. *Angle,* 162 N. Y. 179; *Post & Co.* v. *Toledo, Cincinnati & St. Louis Railroad,* 144 Massachusetts, 341; *Howarth* v. *Lombard,* 175 Massachusetts, 570; *Hancock National Bank* v. *Farnum,* 176 U. S. 640, distinguished. No case holds that the failure of a state court to permit such action to be brought is a violation of the "full faith and credit" clause of the Federal Constitution. The cases cited—several of which are from the Minnesota court and all from courts of the highest standing—uniformly hold that such receiver cannot maintain such action as a strict right, but only when the public policy of the sister State will permit.

MR. JUSTICE VAN DEVANTER delivered the opinion of the court.

These were actions at law, brought in the Circuit Court of Dane County, Wisconsin, by a receiver of an insolvent Minnesota corporation, the Minnesota Thresher Manufacturing Company, to enforce an asserted double liability of two of its stockholders. The facts stated in the complaints, which were substantially alike, were these: A judgment creditor, upon whose judgment an execution had been issued and returned *nulla bona,* commenced a suit against the company in the District Court of Washington County, Minnesota, for the sequestration of its property and effects and for the appointment of a receiver of the same. The company appeared in the suit, a receiver was appointed, and such further proceedings were had therein, conformably to the statutes of the State, as resulted in the appearance of the creditors of the company, in the presentation and adjudication of their claims aggregating many thousands of dollars, in an ascertainment of

the complete insolvency of the company and of the necessity of resorting to the double liability of its stockholders for the payment of its creditors, and in orders levying upon its stockholders two successive assessments of 36 and 64 per cent. of the par value of their respective shares, requiring that these assessments be paid to the receiver within stated periods, and directing the receiver, in case any of the stockholders should fail to pay either assessment within the time prescribed, to institute and prosecute all such actions, whether within or without the State, as should be necessary to enforce the assessments. Some of the stockholders intervened in the suit and appealed from the order levying the first assessment, and the order was affirmed by the Supreme Court of the State. 90 Minnesota, 144.

The defendants here were stockholders in the company and failed and refused to pay either assessment, although payment was duly demanded of them. But they were not made parties to the sequestration suit and were not notified, otherwise than by publication or by mail, of the applications for the orders levying the assessments. Upon the expiration of the times prescribed in the orders the receiver brought the present actions to enforce them. The complaints set forth the proceedings in the sequestration suit and the provisions of the Minnesota constitution and statutes relating to the double liability of stockholders and its enforcement, with the interpretation placed upon those provisions by the Supreme Court of that State, and also made the claim that § 1, Art. IV, of the Constitution of the United States and § 905, Rev. Stat., required the courts of Wisconsin to give such faith and credit to those proceedings and provisions as they have by law or usage in the courts of Minnesota.

Demurrers to the complaints were sustained upon the ground that to permit the actions to be maintained in the Wisconsin courts would be contrary to the settled policy

of that State in respect of the enforcement of the like liability of stockholders in its own corporations, and judgments of dismissal were entered accordingly. The judgments were affirmed by the Supreme Court of the State, 136 Wisconsin, 589 and 594, and the receiver sued out these writs of error, alleging that he had been denied a right asserted, as before indicated, under the Constitution and laws of the United States.

Of course, we must look to the Minnesota constitution, statutes and decisions to determine the nature and extent of the liability in question, and the effect given in that State to the laws and judicial proceedings therein looking to its enforcement, and when this is done we find that the situation, as applied to the cases now before us, is as follows:

1. Section 3, article 10, of the Minnesota constitution provides: "Each stockholder in any corporation, excepting those organized for the purpose of carrying on any kind of manufacturing or mechanical business, shall be liable to the amount of stock held or owned by him." The insolvent company, before mentioned, is within the general terms of this provision, not the excepting clause. *Merchants' National Bank* v. *Minnesota Thresher Manufacturing Co.*, 90 Minnesota, 144; *Bernheimer* v. *Converse*, 206 U. S. 516, 524. The provision is self-executing, and under it each stockholder becomes liable for the debts of the corporation in an amount measured by the par value of his stock. This liability is not to the corporation but to the creditors collectively, is not penal but contractual, is not joint but several, and the mode and means of its enforcement are subject to legislative regulation. *Willis* v. *Mabon*, 48 Minnesota, 140; *Minneapolis Baseball Co.* v. *City Bank*, 66 Minnesota, 441, 446; *Hanson* v. *Davison*, 73 Minnesota, 454; *Straw & Ellsworth Co.* v. *Kilbourne Co.*, 80 Minnesota, 125; *London & Northwest Co.* v. *St. Paul Co.*, 84 Minnesota, 144; *Bernheimer* v. *Converse, supra.*

2. The proceedings in the sequestration suit, looking to the enforcement of this liability, were had under chapter 272, Laws of 1899, and §§ 3184–3190, Revised Laws of 1905, the latter being a continuation of the former with changes not here material. An earlier statute prescribed a mode of enforcement by a single suit in equity in a home court, which was to be prosecuted by all the creditors jointly, or by some for the benefit of all, against all the stockholders, or as many as could be served with process in the State, and all the rights of the different parties were to be finally adjusted therein. That mode was exclusive. A receiver could not sue on behalf of the creditors in a home court or elsewhere. A single creditor could not sue in his own behalf, and, if all united, or one sued for the benefit of all, it was essential that the suit be in a home court. The statute was so interpreted by the Supreme Court of the State. See *Hale* v. *Allinson*, 188 U. S. 56, and *Finney* v. *Guy*, 189 U. S. 335, where the cases were carefully reviewed. In one of them, *Minneapolis Baseball Co.* v. *City Bank, supra,* that court, after holding that the liability could not then be enforced through a suit by a receiver, added: "If it be desirable, in order to secure a speedy, economical and practical method of enforcing the liability, to invest the receiver with such power, it must be done by statute." Doubtless responding to this suggestion, the legislature enacted chapter 272, Laws of 1899. It expressly prescribed the mode of enforcement pursued in the present instance; that is to say, it made provision for bringing all the creditors into the sequestration suit, for the presentation and adjudication of their claims, for ascertaining the relation of the corporate debts and the expenses of the receivership to the available assets, and whether and to what extent it was necessary to resort to the stockholders' double liability, for levying such assessments upon the stockholders according to their respective holdings as should

be necessary to pay the debts, and for investing the receiver with authority to collect the assessments on behalf of the creditors. And it also contained the following provisions respecting the effect to be given to the orders levying assessments and respecting the authority and duties of the receiver (Gen. Laws, 1899, p. 317):

"Sec. 5. Said order and the assessment thereby levied shall be conclusive upon and against all parties liable upon or on account of any stock or shares of said corporation, whether appearing or represented at said hearing or having notice thereof or not, as to all matters relating to the amount of and the propriety of and necessity for the said assessment. This provision shall also apply to any subsequent assessment levied by said court as hereinafter provided.

"Sec. 6. It shall be the duty of such assignee or receiver to, and he may, immediately after the expiration of the time specified in said order for the payment of the amount so assessed by the parties liable therefor, institute and maintain an action or actions against any and every party liable upon or on account of any share or shares of such stock who has failed to pay the amount so assessed against the same, for the amount for which such party is so liable. Said actions may be maintained against each stockholder, severally, in this state or in any other state or country where such stockholder, or any property subject to attachment, garnishment or other process in an action against such stockholder, may be found. . . ."

3. Under this statute, as interpreted by the Supreme Court of the State, as also by this court, the receiver is not an ordinary chancery receiver or arm of the court appointing him, but a *quasi*-assignee and representative of the creditors, and when the order levying the assessment is made he becomes invested with the creditors' rights of action against the stockholders and with full authority to enforce the same in any court of competent

jurisdiction in the State or elsewhere. *Straw & Ellsworth Co.* v. *Kilbourne Co., supra; Bernheimer* v. *Converse, supra.*

4. The constitutional validity of chapter 272 has been sustained by the Supreme Court of the State, as also by this court; and this because (1) the statute is but a reasonable regulation of the mode and means of enforcing the double liability assumed by those who become stockholders in a Minnesota corporation; (2) while the order levying the assessment is made conclusive, as against all stockholders, of all matters relating to the amount and propriety of the assessment and the necessity therefor, one against whom it is sought to be enforced is not precluded from showing that he is not a stockholder, or is not the holder of as many shares as is alleged, or has a claim against the corporation which in law or equity he is entitled to set off against the assessment, or has any other defense personal to himself, and (3) while the order is made conclusive as against a stockholder, even although he may not have been a party to the suit in which it was made and may not have been notified that an assessment was contemplated, this is not a tenable objection, for the order is not in the nature of a personal judgment against the stockholder and as to him is amply sustained by the presence in that suit of the corporation, considering his relation to it and his contractual obligation in respect of its debts. *Straw & Ellsworth Co.* v. *Kilbourne Co., supra; London & Northwest Co.* v. *St. Paul Co., supra; Bernheimer* v. *Converse, supra.*

This statement of the nature of the liability in question, of the laws of Minnesota bearing upon its enforcement, and of the effect which judicial proceedings under those laws have in that State, discloses, as we think, that in the cases now before us the Supreme Court of Wisconsin failed to give full faith and credit to those laws and to the proceedings thereunder, upon which the receiver's right to sue was grounded. It is true that an ordinary chancery

receiver is a mere arm of the court appointing him, is invested with no estate in the property committed to his charge, and is clothed with no power to exercise his official duties in other jurisdictions. *Booth* v. *Clark,* 17 How. 322; *Hale* v. *Allinson,* 188 U. S. 56; *Great Western Mining and Mfg. Co.* v. *Harris,* 198 U. S. 561. But here the receiver was not merely an ordinary chancery receiver, but much more. By the proceedings in the sequestration suit, had conformably to the laws of Minnesota, he became a *quasi*-assignee and representative of the creditors, · was invested with their rights of action against the stockholders, and was charged with the enforcement of those rights in the courts of that State and elsewhere. So, when · he invoked the aid of the Wisconsin court the case presented was, in substance, that of a trustee, clothed with adequate title for the occasion, seeking to enforce, for the benefit of his *cestuis que trustent,* a right of action, transitory in character, against one who was liable contractually and severally, if at all. The receiver's right to maintain the actions in that court was denied in the belief that it turned upon a question of comity only, unaffected by the full faith and credit clause of the Constitution of the United States, and this view of it was regarded as sustained by the decision of this court in *Finney* v. *Guy,* 189 U. S. 335. But that case is obviously distinguishable from those now before us. It involved the right of a Minnesota receiver and of the creditors of a Minnesota corporation to sue a stockholder in Wisconsin prior to the enactment of chapter 272, and while the earlier statute, before mentioned, provided an exclusive remedy through a single suit in equity in a Minnesota court. That remedy having been exhausted, the receiver and the. creditors sought, by an ancillary suit in Wisconsin, to enforce the liability of a stockholder who resided in that State and was not a party to the suit in Minnesota. The Supreme Court of Wisconsin, treating the right to maintain the suit in that

State as depending upon comity only, ruled that it ought not to be entertained. The case was then brought here, it being claimed that full faith and credit had not been accorded to the laws of Minnesota and the proceedings in the suit in that State. This claim was grounded upon a contention that the first decisions in Minnesota, holding that the remedy provided by the earlier statute was exclusive, that a receiver could not sue thereunder, and that the rights of creditors against stockholders must be worked out in the single suit in the home court, had been overruled by later decisions giving, as was alleged, a different interpretation to that statute. The contention was fully considered by this court, the cases relied upon being carefully reviewed, and the conclusion was reached that "the law of Minnesota still remains upon this particular matter as stated in the former cases, which have not been overruled." The claim under the full faith and credit clause was accordingly held untenable, and it was then said: "Whether, aside from the Federal considerations just discussed, the Wisconsin court should have permitted this action to be maintained, because of the principle of comity between the States, is a question exclusively for the courts of that State to decide."

We perceive nothing in the decision in that case which makes for the conclusion that when the representative character, title and duties of a receiver have been. established by proceedings in a Minnesota court conformably to the altogether different provisions of the later statute embodied in chapter 272, his right to enforce in the courts of another State the assessments judicially levied in Minnesota depends upon comity, unaffected by the full faith and credit clause. Indeed, the implication of the decision is to the contrary. We say this, first, because had it been thought that the controlling question was one of comity only there would have been no occasion to consider what effect was accorded in Minnesota to the

earlier statute and· to the proceedings thereunder, and, second, because especial care was taken to explain that the case in hand was not controlled by the decision in. *Hancock National Bank* v. *Farnum,* 176 U. S. 640. That was an action in a Rhode Island court by a creditor of a Kansas corporation against one of its stockholders to enforce the contractual double liability of the latter. The creditor had recovered against the corporation in a court in Kansas a judgment which, according to the laws of that State, invested the creditor with a cause of action against the stockholder which could be asserted in any court of competent jurisdiction. The Supreme Court of Rhode Island, treating the right to maintain the ˙action in that State against the stockholder as dependent upon comity only, and finding that the right with which the creditor was invested under the law of Kansas was unlike that conferred by the law of Rhode Island in like situations, ruled that the action could not be maintained in the courts of that State. 20 R. I. 466. But when the case came here it was held that full faith and credit had not been given to the Kansas judgment upon which the creditor relied, and the judgment of the Supreme Court of Rhode Island was accordingly reversed, it˙ being said in that connection: "The question to be determined in this case was not what credit and effect are given in an action against a stockholder in the courts of Rhode Island to a judgment in those courts against the corporation of which he is a stockholder, but what credit and effect are given in the courts of Kansas in a like action to a similar judgment there rendered. Thus and thus only can the full faith and credit prescribed by the Constitution of the United States and the act of Congress be secured."

In *Bernheimer* v. *Converse,* 206. U. S. 516, the present receiver sought, by reason of the proceedings in the Minnesota court under chapter 272, to maintain an action in New York against a stockholder residing· in that State

to enforce one of the assessments before mentioned, and this court sustained the action, saying (p. 534):

"It is objected that the receiver cannot bring this action, and *Booth* v. *Clark*, 17 How. 322; *Hale* v. *Allinson*, 188 U. S. 56, and *Great Western Mining Co.* v. *Harris*, 198 U. S. 561, are cited and relied upon. But in each and all of these cases it was held that a chancery receiver, having no other authority than that which would arise from his appointment as such, could not maintain an action in another jurisdiction. In this case the statute confers the right upon the receiver, as a *quasi*-assignee, and representative of the creditors, and as such vested with the authority to maintain an action. In such case we think the receiver may sue in a foreign jurisdiction. *Relfe* v. *Rundle*, 103 U. S. 222, 226; *Howarth* v. *Lombard*, 175 Massachusetts, 570; *Howarth* v. *Angle*, 162 N. Y. 179, 182."

And in *Converse* v. *First National Bank of Suffield*, 212 U. S. 567, where, in a similar action, the Supreme Court of Errors of Connecticut had given judgment against the receiver, this court reversed the judgment on the authority of *Bernheimer* v. *Converse, supra.*

True, the full faith and credit clause of the Constitution is not without well-recognized exceptions, as is pointed out in *Huntington* v. *Attrill*, 146 U. S. 657; *Andrews* v. *Andrews*, 188 U. S. 14, and *National Exchange Bank* v. *Wiley*, 195 U. S. 257, but the laws and proceedings relied upon here come within the general rule which that clause establishes, and not within any exception. Thus, the liability to which they relate is contractual, not penal. The proceedings were had with adequate jurisdiction to make them binding upon the stockholders in the particulars before named. The subject to which chapter 272 is addressed is peculiarly within the regulatory power of the State of Minnesota; so much so that no other State properly can be said to have any public policy thereon. And what the law of Wisconsin may be respecting the

relative rights and obligations of creditors and stockholders of corporations of its creation, and the mode and means of enforcing them, is apart from the question under consideration.

Besides, it is not questioned that the Wisconsin court in which the receiver sought to enforce the causes of action with which he had become invested under the laws and proceedings relied upon, was possessed of jurisdiction which was fully adequate to the occasion. His right to resort to that court was not denied by reason of any jurisdictional impediment, but because the Supreme Court of the State was of opinion that, as to such causes of action, the courts of that State "could, if they chose, close their doors and refuse to entertain the same."

In these circumstances we think the conclusion is unavoidable that the laws of Minnesota and the judicial proceedings in that State, upon which the receiver's title, authority and right to relief were grounded, and by which the stockholders were bound, were not accorded that faith and credit to which they were entitled under the Constitution and laws of the United States.

The judgments are accordingly reversed, and the cases are remanded for further proceedings not inconsistent with this opinion.

*Reversed.*