IRVINE v. BLACKBURN.

(District Court, W. D. Pennsylvania.   April 20, 1912.)

No. 142.

1. JUDGMENT (§ 828*)—FULL FAITH AND CREDIT—STOCKHOLDERS' LIABILITY.

An adjudication by a court of a state, in a proceeding authorized by its statutes, that a person is a stockholder of an insolvent corporation, and subject to an assessment for the benefit of its creditors under the statute, is a judgment to which full faith and credit must be given by the courts of other jurisdictions.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1504–1509; Dec. Dig. § 828.*

Giving full faith and credit, jurisdiction of federal courts, see note to Bailey v. Mosher, 11 C. C. A. 318.]

2. CORPORATIONS (§ 243*)—INSOLVENCY—STATUTORY LIABILITY OF "STOCKHOLDER"—OHIO STATUTE.

Under Rev. St. Ohio 1908, § 3259, which provides that the term "stockholder" shall apply, not only to persons who appear by the books of the corporation to be such, but also to an equitable owner of stock, although on the books it appears in the name of another, an action to enforce an assessment made under section 3260d may be maintained against both the equitable owner of stock of an insolvent corporation and the legal owner, in whose name the stock stands on the books.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 943, 944, 946–950, 952–959, 974, 975, 979; Dec. Dig. § 243.*

For other definitions, see Words and Phrases, vol. 7, pp. 6667–6669; vol. 8, p. 7804.]

3. LIMITATION OF ACTIONS (§ 58*)—STATUTORY LIABILITY OF STOCKHOLDERS—ACTION TO ENFORCE—LIMITATION.

Under Rev. St. Ohio 1908, § 3260d, which authorizes the court, in a creditors' suit against an insolvent corporation, to adjudge the amount payable by each stockholder under the double liability imposed by section 3258 and to appoint a receiver to collect the same, who shall have authority to maintain actions against stockholders in other jurisdictions, limitation does not begin to run against such an action until the entry of the decree making the assessment and appointing the receiver for its collection.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 324–328, 346, 347; Dec. Dig. § 58.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

At Law. Action by Ellsworth C. Irvine, receiver, against Julius H. Blackburn. On motion by defendant for judgment notwithstanding the verdict. Motion overruled, and judgment for plaintiff.

Patterson, Sterrett & Acheson, of Pittsburgh, Pa., for plaintiff.

Reed, Smith, Shaw & Beal, of Pittsburgh, Pa., and L. A. Manchester and L. H. Burnett, of Pittsburgh, Pa., for defendant.

YOUNG, District Judge. This is a suit to enforce the liability of a stockholder of the Columbus, Sandusky & Hocking Railroad Company, an insolvent corporation of the state of Ohio. The facts as they appear from the testimony taken at the trial of the case are these: A judgment creditor of the railroad company commenced proceedings in the courts of Ohio for the purpose of fixing the liability of the stockholders, and this cause was so proceeded in that upon July 17, 1905, an assessment of $27,300 was made against the defendant, and it is upon this assessment that the plaintiff, as receiver, brought this action. At the trial of the cause, under the evidence, the court directed the jury to return a verdict for plaintiff, and subsequently a motion was made by the defendant for judgment notwithstanding the verdict.

The defendant sets up five defenses to the action, as follows: (a) That there can be no recovery against Blackburn in this proceeding, as it has been found that he is mere trustee, and the plaintiff has already elected to proceed against the equitable owner of the stock; (b) that the action is barred by the 18 months statute of limitations of Ohio; (c) that the plaintiff by his conduct is estopped from alleging that the statute of limitations has been tolled; (d) that the action is barred by the 6 years statute of limitations of Ohio; (e) that the action is barred by the 6 years statute of limitations of Pennsylvania. These defenses will be disposed of in order.

[1] (a) It appears from the record that the defendant was trustee for the stock upon which he was assessed, and that the real owner was Carnegie Bros. & Co., Limited, and it is asserted that by the bringing of suit against Carnegie Bros. & Co., Limited, the equitable owner of the stock, the plaintiff has made his election as to whether he would proceed against the equitable or legal owner, because it is asserted that he cannot proceed against both. This defense cannot avail the defendant. The courts of Ohio, which had jurisdiction of the assessment proceedings, have found that the defendant is liable for the amount of the assessment, and full faith and credit must be given to that judgment. Converse v. Hamilton, 224 U. S. 243, 32 Sup. Ct. 415, 56 L. Ed. 749, No. 42, October Term, 1911, of the Supreme Court of the United States.

[2] Section 3259 of the Revised Statutes of Ohio provides:

"The term 'stockholder' as used in the next preceding section shall apply not only to persons who appear by the books of the corporation to be such, but also to an equitable owner of stock, although on the books it appears in the name of another."

In Lloyd v. Preston, 146 U. S. 630, 13 Sup. Ct. 131, 36 L. Ed. 1111, it was held that in Ohio the term "stockholder" applies, not only as

to such persons as appear by the books of the corporation to be such, but to any equitable owner of stock, although the stock appears on the books in the name of another. There was, therefore, a liability resting upon both the legal and equitable owner of the stock, and a judgment might be obtained against both. True, the money could not be twice collected; but we do not know of any decision which would prevent the plaintiff from prosecuting his suit against both. The plaintiff has not elected to proceed against the equitable owner. True, he has commenced suit by filing a præcipe for summons; but he has not proceeded otherwise in the case, and he has proceeded with the case at bar.

(b) The second defense, viz., that the action is barred by the 18 months statute of limitations of Ohio, cannot avail the defendant. This identical question was raised in the state of Ohio in the case of Marriott v. Columbus, Sandusky & Hocking Railroad Company, 16 Ohio Dec. 135, and it was there decided that the 18 months limitation did not apply.

[3] (c) and (d), namely, (c) that the plaintiff by his conduct is estopped from alleging that the statute of limitations has been tolled, and (d) that the action is barred by the six years statute of limitations of Ohio, are so completely answered by the case of Irvine v. Bankard (C. C.) 181 Fed. 206, that it is unnecessary to add anything. While the case is not binding upon us, it is so well reasoned and so persuasive that we unhesitatingly adopt it.

(e) The fifth ground of defense is that the action is barred by the six years statute of limitations of Pennsylvania. The judgment was obtained against the defendant July 17, 1905, and the suit entered in this court upon that judgment June 27, 1910. The suit was therefore brought within the six years. It was held, however, in Irvine v. Bankard, supra, that the right of action did not accrue until the affirmance by the Supreme Court of Ohio, to wit, upon the 11th day of May, 1909. In this view of the case, then, the plaintiff had almost five years to spare under the six years statute.

We are therefore of the opinion that the defendant has shown no defense to the action, and that the motion for judgment for defendant non obstante veredicto must be overruled, and judgment entered upon the verdict.