### MOTTINGER v. HENDRICKS.

#### (District Court, N. D. New York. October 18, 1913.)

1. CORPORATIONS (§ 253*)—ACTION AGAINST STOCKHOLDER—PROCEEDINGS UNDER DOUBLE LIABILITY STATUTE.

A judgment of a court of Ohio in sequestration proceedings under the state statute determining the insolvency of a corporation and the necessity and amount of an assessment against the stockholders under their statutory double liability, and appointing a receiver to collect the same, if the proceedings were regular, is conclusive on a stockholder served with process of the receiver's right to maintain an action against him and of the necessity of the assessment and propriety of the amount; but if he was not within the state and did not appear he is not precluded from making any defense to the receiver's action which is personal to himself, and if he was not served with process, either personally, or by publication, the proceeding is a nullity as to him.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1024–1030; Dec. Dig. § 253.*]

2. CORPORATIONS (§ 248*)—ACTION AGAINST STOCKHOLDER—DEFENSES—PAYMENT.

In an action by a receiver specially appointed to collect assessments, made against the stockholders of an insolvent corporation under a double liability statute against one of such stockholders, an allegation in the answer that defendant compromised with plaintiff and paid him a stated sum of money in full settlement of the claimed liability states a defense, at least pro tanto, to the extent of the actual payment made.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 998–1001; Dec. Dig. § 248.*]

At Law. Action by Arthur S. Mottinger, as receiver of Aultman, Miller & Co., an Ohio corporation, against Francis Hendricks, as a stockholder in such corporation. On demurrer to the second, third, fourth, and fifth defenses pleaded in the answer. Sustained in part.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Barnum & Wells, of Syracuse, N. Y., for plaintiff.

Hiscock, Doheny, Williams & Cowie, of Syracuse, N. Y., for defendant.

RAY, District Judge. The complaint alleges: That Aultman, Miller & Co. was incorporated under and pursuant to the laws of the state of Ohio, which laws, so far as deemed applicable or material here, are set out in the complaint; and that Francis Hendricks, defendant, then and now a resident of the state of New York, was and is a stockholder in said corporation to the extent of some $5,800. That the said corporation became insolvent, did not and could not pay its just debts, and that under and pursuant to the laws and statutes of the state of Ohio certain proceedings were had and actions instituted in which all stockholders, including this defendant, were made parties; and that such actions proceeded to judgment in which it was determined that the said corporation was bankrupt, had not paid and could not pay its debts, and that to pay same, duly proved and established in the action, resort must be had to the stockholders to the extent declared by such judgment, and who in such case by the laws of Ohio are made liable for the debts of the corporation to a certain extent. In such action and proceedings Arthur S. Mottinger was appointed receiver and authorized to proceed and by suit or otherwise enforce the liability of such stockholders. He qualified as such receiver and has instituted this action in the District Court of the Northern District of New York to enforce the alleged liability of said Hendricks.

[1] It is not necessary to set forth the statutes of the state of Ohio. Suffice it to say that the allegations of the complaint bring the case within Converse, as Receiver, v. Hamilton, 224 U. S. 243, 32 Sup. Ct. 415, 56 L. Ed. 749, and Bernheimer v. Converse, 206 U. S. 516, 27 Sup. Ct. 755, 51 L. Ed. 1163. That is, the proceedings and judgments in Ohio, if had and pronounced as set forth in the complaint, and the laws of that state are as set forth therein, establish: I. The right of the plaintiff as receiver to commence and prosecute this action in the state of New York. II. The amount and propriety of the assessment on stockholders and the necessity therefor. For these purposes all actual stockholders were sufficiently represented by the presence of the corporation in the state of Ohio.

However, if this defendant, Francis Hendricks was not within the state of Ohio, or personally served with process in that state, and did not appear in those suits or proceedings, in person or by counsel, he is not precluded by the action taken in Ohio from alleging and showing: (1) That he was not and is not a stockholder in said corporation, or that he did not own as many shares of stock as found and stated in those proceedings; (2) that in law or equity he has a claim against the corporation which he is entitled to set off against the claim of the receiver; and (3) any other defense personal to himself. In short, the orders made and judgments pronounced there are not in the nature of a personal judgment against the defendant here. Converse v. Hamilton, 224 U. S. 243–256, 32 Sup. Ct. 415, 56 L. Ed. 749.

The defendant, Hendricks, therefore admits the incorporation and corporate capacity of said Aultman, Miller & Co., but in legal effect and in appropriate language denies each and every other allegation of the complaint. He denies that the judgment alleged was pronounced, the ownership of 58 shares of stock as alleged, and denies that he was a defendant in the action. In his second defense he not only repeats the admission but the denials, and, to make sure that he may prove the facts, alleges that at all the times mentioned he was in and a resident of the state of New York and was not served with any process or papers in the action mentioned and did not appear, and that no jurisdiction of defendant was obtained. If defendant, Hendricks, was out of the state of Ohio and was not served with process personally or by publication, there was no due process of law in the proceedings in the courts of Ohio, and as to Hendricks all those proceedings are a nullity. To constitute due process of law in any proceeding, civil or criminal, affecting the personal or property rights of a defendant, there must be notice of some kind and an opportunity to be heard. The complaint here recognizes this fact and alleges that the defendant, Hendricks, was served by publication as required by the laws of the state of Ohio, and this allegation is put in issue by the answer.

[2] The third defense reiterates and restates all the allegations of the answer contained in the first and second defenses, to avoid unnecessary repetition, and further alleges that during the pendency of one of the alleged proceedings in Ohio to fix liability on the stockholders the defendant, Hendricks, fully settled with the plaintiff, the receiver who brings this action, and compromised the claim and was fully released from any and all claims which plaintiff had or might have on account of defendant's liability, etc., as such stockholder. The plaintiff contends that this defense is not good, as it is not affirmatively stated that the plaintiff as receiver had authority or power to settle or compromise the claim. First. Is there any presumption that this receiver did not have power or authority to act and do what he did do; that he violated his duty or acted contrary to the orders of the court, if any order was necessary? Second. In this case this receiver is not merely an ordinary chancery receiver, but is a quasi assignee and representative of the creditors for whose benefit the collection is being made, and as such is clothed with power to collect by suit or otherwise. Converse v. Hamilton, 224 U. S. 243, 257, 32 Sup. Ct. 415, 56 L. Ed. 749; Bernheimer v. Converse, 206 U. S. 516, 27 Sup. Ct. 755, 51 L. Ed. 1163.

Can it be that this receiver as quasi assignee and representative of the creditors must sue in New York to recover more than he finds himself entitled to on examination of all the facts? And if he settles for less than he is entitled to demand and receive, under such circumstances that he must or may sue to recover the balance, and actually receives the sum of money agreed upon, can it be that the stockholder when sued cannot plead the facts, the agreement and the payment of the money, and that the court is powerless to apply such payment on the demand and give judgment for the balance? If A. has a valid claim against B. for $500, as to which there is no question or dispute, and A. agrees to take $250 in full settlement, there being no considera-

tion for the agreement, and B. pays the money, and A. subsequently sues for the whole sum, $500, is it possible that B. cannot set up and prove the compromise agreement and be allowed the $250 paid? I think these facts well pleaded, and that if proved as alleged, and there is no evidence to modify or limit, they would establish a defense in whole or in part; that is, limit or defeat recovery as the case may be. If the plaintiff succeeds in proving that the defendant owned ten shares of the stock and no more, can he recover more than $1,000? And if on a settlement with a duly authorized agent of the receiver the defendant paid such receiver the $1,000, can the plaintiff recover it again on the theory there was no order of court directly authorizing him to receive the money? If the plaintiff has received from this defendant all he was entitled to, does it matter when he received it or under what name? If the plaintiff in this suit establishes a liability of $5,800, aside from interest, and the defendant shows an agreement to accept $1,000 in full payment made prior to the establishment of the liability, and it then is made to appear that such settlement was without authority of law, it might not avail defendant, except as to the sum actually paid; but here one defense alleges that the defendant was actually released from all further liability and, if so, no further liability remains. If the plaintiff had no authority to release the defendant, that fact will be made to appear when all the facts are before the court.

But taking all the allegations of defenses 3 and 4, as set up, the defendant has paid $1,000 which the plaintiff was not entitled to, to purchase his peace. As to the fifth and sixth defenses, they are mere denials accompanied by an affirmative allegation that the cause of action alleged did not accrue within the time specified—six years in the one defense and eighteen months in the other. Under the denials the cause of action alleged never accrued, and the sixth and seventh defenses are mere repetitions, with an added statement, without any fact alleged in either complaint or answer to support it, that the cause of action set forth did not accrue within the times mentioned. On the facts set forth in the complaint the cause of action did accrue within the six-year period. The statute did not begin to run until the decree or judgment making the assessment was rendered. Bernheimer v. Converse, 206 U. S. 516, 27 Sup. Ct. 755, 51 L. Ed. 1163. I do not think the fifth and sixth defenses state any fact or facts constituting a defense. I am not holding that for certain purposes the defendant, Hendricks, was not represented by the corporation in the Ohio suit. He undoubtedly was, if a stockholder, for the purposes and to the extent hereinbefore stated, as decided by the Supreme Court in the case cited, but as to all the other matters referred to he was not represented by the corporation or its presence as a defendant in that suit. That case overrules Goss v. Carter, 156 Fed. 746, 752, 84 C. C. A. 402, in so far as the opinion in the latter case conflicts, if it does, and clearly overrules Irvine v. Putnam (C. C.) 167 Fed. 174, which holds that the nonresident stockholder is bound by the findings and decree in the home suit even if not served with process. And I am not holding or intimating that a common-law receiver may act and compromise and settle claims which it is his duty to enforce without authority of the court

appointing him, but here we have a statutory receiver who is quasi assignee and representative of the creditors and not merely an arm of the court. See Converse v. Hamilton, 224 U. S. 256, 257, 32 Sup. Ct. 418 (56 L. Ed. 749), where it is said:

"It is true that an ordinary chancery receiver is a mere arm of the court appointing him, is invested with no estate in the property committed to his charge. * * * But here the receiver was not merely an ordinary chancery receiver, but much more. By * * * he became a quasi assignee and representative of the creditors, was invested with their rights of action against the stockholders, and was charged with the enforcement of those rights in the courts of that state and elsewhere."

All the facts will appear on the trial, and the court can then pass upon the effect of the alleged settlements and payment and the authority and powers of the receiver in the premises. I am not cited to any authority holding that a receiver standing in the position and clothed with the powers of an assignee and representative of creditors, not the court, may not accept what on examination he finds to be due him; but I do not now so hold. If it be true, as alleged, that Hendricks not only settled the claim but was released, it is, I think, presumed that he was properly released according to law and by due authority.

As to defenses 2, 3, and 4, the demurrer is overruled. As to defenses 5 and 6, the demurrer is sustained.

So ordered.