CORWIN, RECEIVER, RESPONDENT, *v.* SETTERGREN, AP-
PELLANT.

(No. 5,528.)

(Submitted May 19, 1924.   Decided May 29, 1924.)

[226 Pac. 522.]

*Banks and Banking — Insolvency — Receivers — Statutory Lia-
bility of Stockholders—Authority to Commence Suit Outside
State not Existent.*

1. *Held,* under Chapter 9, Laws of 1923, providing *inter alia* that the
receiver of an insolvent bank may by order of the district court main-
tain suits in the courts of this state for the recovery of the statutory
liability of stockholders, impliedly denies the court jurisdiction to
authorize the receiver to institute like actions in courts outside the
state, the right to do so existing in the creditors of the bank alone.

*Appeal from District Court, Yellowstone County; Robert C.
Stong, Judge.*

PETITION by J. W. Corwin, as receiver of the Laurel State
Bank, Laurel, Montana, for an order authorizing him to in-
stitute suits on stockholders' liability outside the state.   G. E.
Settergren, a creditor, appeals from the order granting the
petition.   Modified.

Cause submitted on briefs of Counsel.

*Mr. B. L. Price,* for Appellant.

Citing: *Aetna A. & I. Co.* v. *Miller,* 54 Mont. 377, 170 Pac.
760, 23 R. C. L. 119; *Zang* v. *Wyant,* 25 Colo. 551, 71 L. R. A.
445, 56 Pac. 565; *Runner* v. *Dwiggings,* 147 Ind. 238, 36 L. R. A.
645, 46 N. E. 580; *McLaughlin* v. *Kimbell,* 20 Utah, 254, 77
Am. St. Rep. 908, 58 Pac. 685; *Crippen, Lawrence & Co.* v.
*Laighton,* 69 N. H. 540, 76 Am. St. Rep. 192, 46 L. R. A. 467,
44 Atl. 538; *Converse* v. *Hamilton,* 224 U. S. 243, Ann. Cas.
1913D, 1292, 56 L. Ed. 749, 32 Sup. Ct. Rep. 415; *Booth* v.
*Clark,* 17 How. (U. S.) 322, 15 L. Ed. 164; *Hale* v. *Allison,*

188 U. S. 56, 47 L. Ed. 380, 23 Sup. Ct. Rep. 244; *Great West-ern Min. & Mfg. Co.* v. *Harris,* 198 U. S. 561, 49 L. Ed. 1163, 25 Sup. Ct. Rep. 770 [see, also, Rose's U. S. Notes].

*Mr. P. R. Heily,* for Respondent.

It is now established by the great weight of authority that where a receiver is authorized by statute or judicial construction to bring actions in the state of his appointment, he has the right to bring actions in a foreign state. (*Converse* v. *Hamilton,* 224 U. S. 243, Ann. Cas. 1912D, 1292, 56 L. Ed. 749, 32 Sup. Ct. Rep. 415 [see, also, Rose's U. S. Notes]; *Miller* v. *Amoretti,* 26 Wyo. 170, 181 Pac. 420.)

MR. JUSTICE GALEN delivered the opinion of the court.

On April 12, 1924, J. W. Corwin, as the receiver of the Laurel State Bank of Laurel, petitioned the district court of Yellowstone county for an order authorizing him to institute and maintain appropriate actions in the courts of this state or any other state, on behalf of the creditors of the Laurel State Bank, against the stockholders of the bank for the recovery of their statutory liability in consequence of the bank's insolvency. On the same day, G. E. Settergren, a creditor of the bank, filed objection to the granting of the receiver's petition, and therein petitioned that he be permitted to institute such actions as are necessary in behalf of the creditors of the bank in any court outside the state of Montana. After hearing, the court granted the petition of the receiver and denied the objections and petition of Settergren, appellant herein. The appeal is from the court's order in the premises.

The only question presented is whether the court had jurisdiction under the statute to order the institution of such actions by the receiver outside the state.

Section 6036, Revised Codes of 1921, as amended by Chapter 9 of the Laws of 1923, relating to the liability of stockholders in state banks, reads, in part: "The stockholders of every bank

shall be severally and individually liable, equally and ratably, and not one for the other, for all contracts, debts, and engagements of such corporation, to the extent of the amount of their stock therein, at the par value thereof, in addition to the amount invested in such shares. * * * In cases where a bank is liquidated by a court through a receiver, the receiver may by order of the court institute and maintain appropriate suits or actions *in the courts of this state* on behalf of the creditors of the bank against stockholders for the recovery and collection of stockholders' liability. * * * The receiver is authorized and empowered to receive and receipt for any and all amounts due and collected from stockholders. * * * ''

From a reading of the statute it is plain the court was wholly without jurisdiction to authorize the institution of actions outside of Montana by the receiver to recover on behalf of the creditors of the bank the statutory liability of its stockholders. The statute creates a special remedy and its meaning is plain. It warrants such actions by the receiver *"in the courts of this state"* alone, when the court in which the receivership is pending authorizes them.

In Cook on Stock and Stockholders, third edition, section 218, the general rule is laid down as follows: ''The statutory liability of the stockholder is created exclusively for the benefit of corporate creditors. It is not to be numbered among the assets of the corporation, and the corporation has no right or interest in it. It cannot enforce it by an assessment upon the shareholders. Nor can the corporation upon the insolvency assign it to a trustee for the benefit of creditors. It is a liability running directly and immediately from the shareholders to the corporate creditors. Accordingly, a receiver of an insolvent corporation, invested with 'all the estate, property and equitable interests' of the concern, has no power to enforce such a liability as this. The action to enforce can be maintained only by the creditors themselves, in their own right and for their own benefit.''

In 23 Ruling Case Law, page 119, it is said "The great weight of authority denies the right of a receiver to enforce the statutory liability of stockholders for the corporate debts, on the ground that such a liability is not an asset of the corporation which passes to the receiver, but is a right in favor of creditors and is enforceable only by them. The appointment of a receiver, or the pendency of receivership proceedings, does not affect this right. Moreover, it is said that the rule will not be frittered away by making exceptions based upon finely drawn distinctions as to the name by which the receiver is called, the form of the order appointing him, or whether he is appointed in a suit brought by the creditor or the stockholder."

In 34 Cyc., page 397, the general rule is well stated as follows: "The general rule is that such receiver, in the absence of some statutory authority, cannot sue to enforce a liability created by statute against stockholders in favor of creditors, independently of what they owe the corporation on account of their stock, and in such case the appointment of a receiver for the corporation does not affect the right of a creditor to maintain his action for the enforcement of the stockholder's liability."

And this court is in full accord with the doctrine announced by these authorities, in the absence of a specific statute such as Chapter 9 of the Laws of 1923, conferring specific authority upon the receiver to maintain such actions on behalf of the creditors of the corporation. Speaking through Mr. Chief Justice Brantly, it was said by this court: "By a practically unanimous line of decisions, the courts have held that, when a receiver takes charge of the assets of an insolvent, he occupies a position in no respect different from that of the insolvent prior to the appointment. He becomes merely the assignee of the insolvent, and has exactly the same rights. * * * He is the arm of the court to accomplish the distribution of the assets of the insolvent." (*Williams, Receiver,* v. *Johnson,* 50 Mont. 7, Ann. Cas. 1916D, 595, 144 Pac. 768.) (See, also,

*Barth* v. *Pock,* 51 Mont. 418, 155 Pac. 282; *Aetna Accident &
Liability Co.* v. *Miller,* 54 Mont. 377, 389, L. R. A. 1918C, 954,
170 Pac. 760; 3 Clark & Marshall on Private Corporations, sec.
820.)

In 2 Morris on Banks and Banking, fifth edition, 696, it is
said: "If the demand is for further contribution beyond the
amount of the par value of the shares already paid or due
under the original subscriptions, then it would seem that, un-
less the statute expressly makes the sums thus contributed
assets of the corporation, and directly gives the right of col-
lection to the receiver or trustee, the suit should be properly
brought by the creditors whose claims are to be paid out of
the proceeds. It is their sole and peculiar right which they are
at liberty to enforce when they please or altogether to forego.
There seems to be no ground upon which any other person
could sustain suits of this description, and hence it has been
regarded as proper for the creditors themselves to bring them."

However, since the decisions of this court above referred to
and considered by the supreme court of Wyoming in the case
of *Miller* v. *Amoretti,* 26 Wyo. 170, 181 Pac. 420, the legislature
has clothed such receivers with greater powers, as will be noted
from reading the Act of 1923 above alluded to. The receiver
may now sue in the Montana courts to recover the statutory
liability of stockholders of an insolvent bank where he could
not do so before. The Wyoming case above referred to does
not sustain respondent's contention, for there it was held simply
that the receiver of an insolvent Montana bank, having no
greater rights under the statutes of Montana then existing
than an ordinary chancery receiver, could not maintain an
action in a foreign state to enforce the statutory liability of a
stockholder under Montana laws.

The case of *Converse* v. *Hamilton,* 224 U. S. 243, Ann. Cas.
1913D, 1292, 56 L. Ed. 749, 32 Sup. Ct. Rep. 415 [see, also,
Rose's U. S. Notes], cited and relied upon by counsel for the
respondent herein, does not sustain his contention, because the

statute of Minnesota under consideration on review of the decision of the supreme court of Wisconsin, expressly made it the duty of the receiver to institute actions for the recovery of a stockholder's liability not only in the state of Minnesota but *in other jurisdictions.* A distinction is drawn in that case between the ordinary chancery receiver and one clothed by statute with the powers of an assignee for the benefit of creditors, the court saying: "It is true that an ordinary chancery receiver is a mere arm of the court appointing him, is invested with no estate in the property committed to his charge, and is clothed with no power to exercise his official duties in other jurisdictions. * * * But here the receiver is not merely an ordinary chancery receiver, but much more. By the proceedings in the sequestration suit, had conformably to the laws of Minnesota, he became a *quasi* assignee and representative of the creditors, was invested with their rights of action against the stockholders, and was charged with the enforcement of those rights in the courts of that state and elsewhere. So, when he invoked the aid of the Wisconsin court the case presented was, in substance, that of a trustee, clothed with adequate title for the occasion, seeking to enforce, for the benefit of his *cestuis que trustent,* a right of action, transitory in character, against one who was liable contractually and severally, if at all. The receiver's right to maintain the actions in that court was denied in the belief that it turned upon a question of comity only, unaffected by the full faith and credit clause of the Constitution of the United States, and this view of it was regarded as sustained by the decision of this court in *Finney* v. *Guy,* 189 U. S. 335, 47 L. Ed. 839, 23 Sup. Ct. Rep. 558. But that case is obviously distinguishable from those now before us. * * * In *Bernheimer* v. *Converse,* 206 U. S. 516, 51 L. Ed. 1163, 27 Sup. Ct. Rep. 755, [see, also, Rose's U. S. Notes], the present receiver sought, by reason of the proceedings in the Minnesota court under Chapter 272, to maintain an action in New York against a

stockholder residing in that state to enforce one of the assessments before mentioned, and this court sustained the action, saying (p. 534) : 'It is objected that the receiver cannot bring this action, and *Booth* v. *Clark,* 17 How. (U. S.) 322, 15 L. Ed. 164; *Hale* v. *Allison,* 188 U. S. 56, 47 L. Ed. 380, 23 Sup. Ct. Rep. 244, and *Great Western Mining Co.* v. *Harris,* 198 U. S. 561, 49 L. Ed. 1163, 25 Sup. Ct. Rep. 770 [see, also, Rose's U. S. Notes], are cited and relied upon. But in each and all of these cases it was held that a chancery receiver, having no other authority than that which would arise from his appointment as such, could not maintain an action in another jurisdiction. In this case the statute confers the right upon the receiver, as a *quasi* assignee, and representative of the creditors, and as such vested with the authority to maintain an action. In such case we think the receiver may sue in a foreign jurisdiction. (*Ralfe* v. *Rundle,* 103 U. S. 222, 225, 26 L. Ed. 337; *Howarth* v. *Lombard,* 175 Mass. 570, 49 L. R. A. 301, 56 N. E. 888; *Howarth* v. *Angle,* 162 N. Y. 179, 182, 47 L. R. A. 725, 56 N. E. 489.' And in *Converse* v. *First National Bank of Suffield,* 212 U. S. 567, 53 L. Ed. 654, 29 Sup. Ct. Rep. 691 [see, also, Rose's U. S. Notes], where, in a similar action, the supreme court of errors of Connecticut had given judgment against the receiver, this court reversed the judgment on the authority of *Bernheimer* v. *Converse, supra.*"

The Act of 1923 conferred additional authority other than that heretofore existing upon the receivers of banks in Montana. They were given powers not hitherto conferred upon them. For the purpose of collecting the statutory liability of stockholders of an insolvent bank, they were constituted *quasi* assignees and representatives of the creditors of the bank and invested with right of action against the stockholders to enforce those rights but only "in the courts of this state." Had the legislature wished to extend the power of such receivers to other states, it could have easily said so as did the legislature of Minnesota. Since the statute expressly limits the receiver's

right of action to the Montana courts, we must hold that to be the line of demarcation until such time as the law shall have been changed or amended. As to actions for the recovery of stockholders' liability instituted without the state of Montana, we are constrained to hold that it exists alone in the creditors of the bank, and that the receiver has no authority to institute such actions in the courts of other jurisdictions. Thus it appears that the order complained of was in excess of the court's jurisdiction, and it is therefore modified by denying to the respondent the right to institute or maintain actions against the stockholders of the bank to recover their statutory liability in courts outside of Montana. ·

:·· ꞏ·ꞏ ꞏ          *Modified.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES COOPER, HOLLOWAY and STARK concur.