This action is brought by Glenn H. Corrington, for himself, and in behalf of all other creditors of the Farmers' State Bank of Barber, Montana, to recover of certain stockholders of said bank, resident in North Dakota, the added statutory liability of said stockholders, imposed by § 6036, of the 1921 Revised Code of Montana, and by the amendment, thereof (chapter 9, of the Montana Session Laws for the year 1923). *Page 616 
This law reads as follows: "The stockholders of every bank shall be severally and individually liable equally, ratably, and not one for the other for the contracts, debts and obligations of such corporation to the extent of the amount of their capital stock therein, at the par value thereof, in addition to the amount invested in such shares."
The defendants have demurred to the amended complaint. This appeal is from an order sustaining the demurrer.
The allegations of the amended complaint, so far as is necessary for the consideration of the questions involved on this appeal, are substantially as follows:
The creditors of said bank are very numerous, more than ninety-seven in number; that some are unknown to plaintiff; that it is impracticable to bring them all before this court in this action, and that accordingly this suit is brought for the use and benefit of all the creditors of said bank; that the Farmers' State Bank of Barber, Montana, was, at all times mentioned in said complaint, a banking corporation, organized under the laws of the state of Montana, and doing business at Barber, Golden Valley county, Montana; that the authorized capital stock of said bank was $20,000, divided into 200 shares of the par value of $100.00 each; that the said bank closed and ceased doing business on the 28th day of November, 1923; that on or about the first day of December, 1923, the then state examiner and superintendent of banks in said state, by virtue of the authority vested in him by law, examined into the affairs, business and financial condition of said bank, and from such an examination found and determined said bank to be in an insolvent condition, which fact was reported to the governor of said state, with a request that the governor direct the attorney general of said state to petition the district court of Golden Valley county, Montana, for the appointment of a receiver for said bank; that thereupon and on December 12th, 1923, the governor of said state, did direct the said attorney general, to file such petition, asking for the appointment of a receiver for said bank, as provided by the laws of Montana; that on the 7th day of January, 1924, the said attorney general, in an action wherein the state of Montana was plaintiff, and the Farmers' State Bank of Barber, Montana, was the defendant, filed in said district court a petition, asking that the said bank be declared insolvent, that its business and affairs be wound up, *Page 617 
and its assets distributed to those entitled thereto, as ascertained by said court, and that a receiver be appointed to take charge of its assets, books and accounts, and to administer them under the direction of said court, with the powers, duties and liabilities of a receiver in such cases, and that such receiver be appointed without the plaintiff in that action being required to give notice of said application therefor to the defendant therein, and for further and other relief; that on the same 7th day of January, 1924, after the filing of said petition, an order was duly made in said proceedings, by the judge of the district court, of said Golden Valley county, Montana, appointing a receiver for said bank, for the purpose of winding up its affairs, with the usual powers conferred upon receivers in such cases; that on the 13th day of March, 1924, a summons in said action was duly served upon the defendant therein, Farmers' State Bank of Barber, Montana, and thereafter on the 3d day of June, 1924, a judgment was duly entered in said district court, wherein the said court found that said bank was and now is wholly insolvent, and that the liabilities of said bank exceed the assets by more than $40,000; that the authorized capital stock of said bank was $20,000, and that the holders of said stock on the 7th day of January, 1924, the date of the appointment of the Receiver, were each liable severally, and individually, equally and ratably for the contracts, debts and obligations of said bank to the extent of the amount of the capital stock therein, at the par value thereof, in addition to the amount invested therein, and adjudged and decreed that the said bank "was on the 7th day of January, 1924, and at all times thereafter, and now is wholly insolvent, and that the proven liabilities exceed the value of the assets by the sum of fifty six thousand one hundred and ninety-four and 82/100 dollars." By the terms of said judgment it was further ordered that the Receiver proceed to enforce the liability of the holders of the capital stock, as provided by the laws of Montana, and to take whatever steps are necessary to secure the payment of said liability.
Independently of the judgment and its recitals, which are set forth in full in the complaint, the complaint further alleges that at all times since the appointment of the receiver said Farmers' State Bank of Barber, Montana, has been and is now closed and insolvent; that the total indebtedness of said bank exceeds the value of the assets thereof *Page 618 
in an amount of not less than $56,194.82; that the difference between the value of the assets of said bank and the amount of the liability is more than two times, and almost three times greater than the total amount of the capital stock of said bank; and that the amount of the liability of each of the stockholders of said bank to the creditors, is the sum of $100 per share with interest thereon from the 28th day of November, 1924. The complaint further alleges: that the defendants are stockholders of said bank; that they are all residents of the state of North Dakota, and are all the stockholders of said bank residing in said state; that at the time of the closing of said bank they owned, respectively, shares therein, in certain specified amounts.
The complaint sets out the amended § 6036 of the Revised Code of the state of Montana, quoted above, and alleges, that at and before the time of the closing of said bank one J.E. Corrington had on deposit with said bank the sum of $11,000, with interest thereon, evidenced by certain certificates of deposit, issued by said bank to the said J.E. Corrington; that prior to the beginning of this action, the said J.E. Corrington, assigned and transferred to the plaintiff all his right, title and interest, in and to said certificates, and that the plaintiff is still the owner and holder thereof, no part of which has been paid.
In his prayer for judgment, the plaintiff asks that the defendants be adjudged to be stockholders of the Farmers' State Bank of Barber, Montana, and that the number of shares owned by each, and the amount of liability thereon, be determined, and that they be required to pay such liability, together with interest thereon from November, 28th, 1923, to the plaintiff for the use and benefit of all the creditors of such bank.
To this complaint the defendants have demurred upon the following grounds:
1. That the court has no jurisdiction of the subject of the action.
2. That the plaintiff has no legal capacity to sue.
3. That there is a defect of parties plaintiff, in this: That the other creditors for whose benefit this action is brought have not been made parties plaintiff or defendant, nor facts stated in the complaint why the necessary parties have been omitted; and that there is a defect of parties defendant in this: that neither the said corporations nor its receiver is made a party defendant nor are the other resident or non-resident *Page 619 
creditors or stockholders made parties defendant or good cause stated in the complaint why such necessary parties have been omitted.
4. That several causes of action have been improperly united.
5. That the complaint does not state facts sufficient to constitute a cause of action.
In disposing of the issues involved in this action, a general consideration of the nature of the added statutory liability of a stockholder in a state banking corporation, and the proper method of enforcing that liability will be sufficient without considering and determining separately each of the specific questions sought to be raised by the defendant's demurrer.
The defendants assert that the issues presented by the demurrer are as follows:
First: The action must of necessity be an equitable action, because of the interests of other creditors and stockholders.
Second: Being an equity action, it must be brought in the state of Montana, wherein the corporation was domiciled, where the Receiver is in possession of the records and property of the corporation, and where the general stockholders and officers resided.
Third: That the action being brought in a foreign state must be an action at law upon an established liability.
Fourth: The amount of the liability of a foreign stockholder sued in a foreign state must be judicially determined in the state of Montana.
Fifth: That the judgment in the action in Montana determining generally the insolvency of the bank, and not being an action in which these defendants were made parties or served with process, is not conclusive upon these defendant as to the amount of their liability.
Sixth: That the alleged debt of the plaintiff creditor must be judicially determined and established before suit may be brought in this state.
The determination of these questions involves a consideration of the laws of both Montana and North Dakota. Questions of substantive law, such as whether there is any liability on the part of one becoming a stockholder in a Montana banking corporation, and the nature of such liability, if any, are governed by the laws of Montana, and the decisions of the supreme court of that state construing the same. *Page 620 
"To dispose of several preliminary questions raised by the defendants, it may be stated, at the outset, that it is elementary law that, where a person becomes a stockholder in a corporation organized under the laws of a foreign state he must be held to contract with reference to all the laws of the state under which the corporation is organized, and which enter into its constitution, and the extent of his individual liability as a shareholder to the creditors of the company must be determined by the laws of that state, not because the laws of that state are in force in this state, but because he has voluntarily agreed to the terms of the company's constitution." First Nat. Bank v. Gustin Minerva Consol. Min. Co. 42 Minn. 327, 6 L.R.A. 676, 18 Am. St. Rep. 510, 44 N.W. 198.
That every individual, resident or nonresident, who becomes a stockholder in any banking corporation in the state of Montana, becomes liable, under the terms of § 6036 of the Montana law above quoted, to the creditors of said banking corporation for the payment of money is not and cannot be questioned. This obligation is quite generally held by the United States court, and the courts of the various states, to be contractual and not penal. In Richmond v. Irons, 121 U.S. 27, 30 L. ed. 864, 7 Sup. Ct. Rep. 788, the court referring to the United States Banking Act said: "Under the United States Banking Act the individual liability of a stockholder is an essential element in the contract by which the stockholders became members of the corporation. It is voluntarily entered into by subscribing for and accepting shares of stock. Its obligation becomes a part of every contract, debt, and engagement of the bank itself, as much so as if they were made directly by the stockholder instead of by the corporation. There is nothing in the statute to indicate that the obligation arising from these undertakings and promises should not have the same force and effect, and be as binding in all respects, as any other contract of the individual stockholder." Foster v. Row, 120 Mich. 1, 77 Am. St. Rep. 565, 79 N.W. 696; Howarth v. Angle, 162 N.Y. 179, 47 L.R.A. 725, 56 N.E. 489; Howarth v. Lombard, 175 Mass. 570, 49 L.R.A. 301, 56 N.E. 888; Barth v. Pock, 51 Mont. 418, 155 P. 282.
The obligation of the stockholders in the Farmers' Bank of Barber being contractual in its nature and valid in the State of Montana, is *Page 621 
enforcible in this state by any court of competent jurisdiction against stockholders resident therein.
"While the liability is statutory, it is one which arises upon the contract of subscription to the capital stock of the corporation, and an action to enforce the same is transitory, and may be brought in any court of general jurisdiction in the state where personal service can be made upon the stockholder." Howell v. Manglesdorf, 33 Kan. 194, 5 P. 759.
The stockholders' added liability not being an asset of the corporation, as a going concern, but a liability created solely for the benefit of the creditors, is not, as a general rule, enforcible by the receiver unless he is specifically authorized by statute to enforce the same. 7 Fletcher, Cyc. Corp. p. 7331; Cook, Stock Stockholders, 3rd ed. ¶ 218; Barth v. Pock, supra; Corwin v. Settergren, 70 Mont. 535, 226 P. 522; Zang v. Wyant,25 Colo. 551, 71 Am. St. Rep. 145, 56 P. 565; Minneapolis Baseball Co. v. City Bank, 66 Minn. 441, 38 L.R.A. 415, 69 N.W. 331.
In the state of Montana a bank receiver is, by statute, authorized, upon an order of court, to institute and maintain appropriate suits or actions on behalf of the creditors of the bank against the stockholders for the recovery of the stockholders' liability, but the exercise of this authority is limited to the state of Montana, and the court is entirely without jurisdiction to authorize the institution of actions outside of that state. Corwin v. Settergrin, 70 Mont. 535, 226 P. 522.
All of the specific issues raised by the demurrer are more or less related, and to a considerable extent depend upon the determination of the effect and conclusiveness of the judgment in the proceeding before the district court of Golden Valley county, Montana, declaring the Farmers' State Bank of Barber to be insolvent, and levying upon the stockholders an assessment of an amount equal to the amount of the capital stock held by them.
The appointment of a receiver and the administration of the affairs of an insolvent bank is the prerogative of a court of equity. On January 7th, 1924, the attorney general, for the state of Montana, duly instituted in the district court of Golden Valley county, Montana, against the Farmers' State Bank of Barber, Montana, proceedings in equity by filing in said court a petition or complaint asking that the *Page 622 
said bank be declared insolvent, and for the appointment of a receiver to wind up its business and affairs, and for such other relief as to the court may seem just and proper; whereupon a receiver for said bank was duly appointed upon an ex parte order of the judge of said court. Thereafter the summons and complaint in such proceedings were duly served upon the said bank, the sole defendant in said action, and upon its default a judgment of said court was duly entered in which it was adjudged that said bank was, at the date of the appointment of the receiver, wholly insolvent; that the proven liabilities exceeded the value of the assets of said bank by the sum of more than $56,194.82; that the authorized capital stock of said bank was $20,000, and that the shareholders of said bank, "Are each liable severally and individually; equally and ratably, for the debts, contracts and obligations of said bank to the extent of the amount of their capital stock therein, at the par value thereof, in addition of the amount invested by them."
Thus it was that in an equity action brought in the state of Montana, to which action the said bank was a party, the insolvency of the bank was duly established and the amount of the stockholders' liability determined.
It is contended by the defendants that this judgment is not binding upon them for the reason that they were not made parties to that action nor served with process therein.
Excepting under statutes differing materially from those of either Montana or North Dakota, the authorities are almost unanimous in holding that a judgment rendered in insolvency proceedings wherein the defendant corporation was duly served with process, assessing the stockholders' liability, is conclusive upon all stockholders both resident and nonresident, though they were neither parties to, nor served with process in the proceeding in which said assessment was made. This rule is well stated in 7 Fletcher, Cyc. Corp. p. 7422, as follows: "Where the liability is enforced by a proceeding for the benefit of all the creditors in which the court levies an assessment on all of the stock and appoints a receiver who is authorized to enforce the assessment so levied against those stockholders who do not voluntarily pay the same, it is generally held that the order levying the assessment is conclusive on both resident and nonresident stockholders as to all matters necessarily involved in making it, and it is not open to collateral attack as to such *Page 623 
matters in subsequent actions by the receiver against stockholders to collect the assessment. The corporation, when duly summoned and brought into court in such a proceeding, represents the stockholders and its presence is their presence for the purpose of the making of the assessment, whether they are residents of the state or not, and hence, their personal notification and presence is not necessary insofar as the conclusiveness of the assessment is concerned, unless the peculiar character of the statute requires it." 14 C.J. p. 1070, § 1664; Marin v. Augedahl, 247 U.S. 142, 62 L. ed. 1038, 38 Sup. Ct. Rep. 452; Lynch v. Jacobsen, 55 Utah 129, 184 P. 929; Childs v. Cleaves, 95 Me. 498, 50 A. 714; Howarth v. Lombard,175 Mass. 570, 49 L.R.A. 301, 56 N.E. 888; Langworthy v. Garding,74 Minn. 325, 77 N.W. 207; Foster v. Row, 120 Mich. 1, 77 Am. St. Rep. 565, 79 N.W. 696; 14a, C.J. p. 998, § 3239, and p. 999, § 3243.
In 7 Fletcher, Cyc. Corp. p. 7486, § 4252, it is said: "Whether or not a judgment against a corporation is conclusive against stockholders in an action to enforce their statutory liability is to be determined by the laws of that state. If it is conclusive there, it is conclusive in an action against a stockholder in another state, under the full faith and credit clause of the Federal Constitution. . . . And the same rule applies in determining the conclusiveness of assessments levied upon nonresident stockholders in the state of the corporation's domicile." Shary v. Eszlinger, 45 N.D. 133, 176 N.W. 938.
In the case of Springhorn v. Dirks, 72 Mont. 121, 231 P. 912, it appears that the court levied an assessment upon all the stockholders of an insolvent bank without notice to the stockholders and without service of process of any kind. With reference to the conclusiveness of the order, the court say: "As to the insolvency of the bank, its indebtedness, liability, and the amount of the assessment, all were determined in the receivership proceedings, and since no appeal was ever taken therefrom, the correctness of the determination of the court may not be questioned herein . . . the order is conclusive and binding on the stockholders."
Since the supreme court of the state of Montana as well as the courts of last resort in a large majority of the other states, has held that a judgment assessing the liability of stockholders, rendered under similar conditions to those in the case at bar, is conclusive upon both resident *Page 624 
and nonresident stockholders, we conclude that the judgment of the Montana court assessing the amount of the liability of the stockholders in the Farmers' State Bank of Barber, is conclusive and binding upon the defendants, excepting as to defenses purely personal to themselves.
It is contended by defendants that their liability may be enforced in this state only in an action at law, after the validity and amount of the claims of the respective creditors against the bank have been judicially determined.
In this state the distinction between actions at law and suits in equity has been abolished (Comp. Laws 1913, § 7355), but the esential distinction between legal and equitable rights and remedies has not been abolished, so that if the complaint sets forth a cause of action in favor of the plaintiff and against the defendants, the complaint is not demurrable merely because the relief asked for is not obtainable under the facts stated. This action, however, is one in which equitable rights are involved and equitable remedies are to be applied. The stockholders' liability constitutes a trust fund for the benefit of the creditors, and is no part of the assets of the corporation. Such trust fund can be administered only according to equitable rules and principles. It is doubtless true that under some circumstances an action at law may be maintained by a creditor against stockholders to recover from them the amount of their statutory liability, but in an action brought by numerous creditors against a number of stockholders, equitable rather than legal principles govern the procedure and remedy.
In Harris v. Dorchester, 23 Pick. 112, the supreme court of Massachusetts, in a similar situation has said: "If actions at law will lie under the thirtieth section, suits may be multiplied to an indefinite extent. Each bill holder, or other creditors must have its separate suit, and each stockholder must be sued separately. Again, suits between stockholders to adjust their contributions would be interminable. . . . The evils and inconveniences of attempting to enforce this section by suits at common law would be incalculable, and such remedy would be inadequate, vexatious and mischievous. The only proper means of giving effect to this proceeding is by a process in equity; and this, of all cases which can arise, seems to call most loudly for chancery jurisdiction. To a bill in equity all persons, however numerous, might be made parties, and all the relative and conflicting claims of the many *Page 625 
creditors and stockholders settled, and their proportionate rights to recover and liability to contribute adjusted, in a single suit. We are, therefore, of opinion that this case comes within the equity jurisdiction of the court and that an action at law will not lie."
This case, with numerous other cases of the same import, is cited, with approval, in German Nat. Bank v. Farmers M. Bank,54 Neb. 593, 74 N.W. 1086.
In Lynch v. Jacobsen, 55 Utah, 129, 184 P. 929, the court say: "It, therefore, seems to use quite needless to waste time or energy respecting what the character or nature of the proceedings should be so long as the rights and interests of both the creditors and stockholders are preserved and protected. Morever, this court has repeatedly held that under our Constitution all forms of actions are abolished. That instrument explicitly directs, `There shall be but one form of civil action and law and equity may be administered in the same action.' Why, then, longer quibble about what the form or nature of an action shall be? Under the foregoing constitutional provision the only question that should arise in any case is what relief, and the extent thereof, the complaining party may be entitled to under the law when applied to the conceded, or established facts in the case. True, there are still equitable as contradistinguished from legal rights and remedies. Neither the rights nor the relief to which the litigants may be entitled, however, depend upon the form or nature of the action, but are entirely depedent upon the nature or character of the facts and the law applicable thereto." See also Queenan v. Palmer, 117 Ill. 619, 7 N.E. 613; Pfohl v. Simpson, 74 N.Y. 137.
The supreme court of Montana, has given its approval of suits by creditors to enforce the statutory liability of stockholders residing outside the state of Montana in the following language: "As to actions for the recovery of stockholders' liability instituted without the state of Montana, we are constrained to hold that it exists alone in the creditors of the bank, and that the Receiver has no authority to institute such actions in the courts of other jurisdictions." Corwin v. Settergren, 70 Mont. 535, 226 P. 522.
While this holding is not binding in this state, it indicates the attitude of the Montana court in its construction of the Montana law.
This is in line with the policy of the law of this state, governing the *Page 626 
method of enforcing stockholders' liability in this state. While chapter 53, Laws 1915, provides for the enforcement of the added liability of stockholders in a banking corporation by a receiver, yet this remedy is not exclusive, another remedy being provided by § 7997, Compiled Laws 1913, which reads as follows: "Whenever a creditor of a corporation shall seek to charge the directors, trustees, or other officers, or stockholders, thereof, on account of any liability created by law, he may commence and maintain an action for that purpose in the district court, and may at his election join the corporation in such action."
The stockholders' added liability being a "Liability created by law" it may, under this section, be enforced by a creditor in behalf of himself and all other creditors. See Marshall-Wells Hardware Co. v. New Era Coal Co. 13 N.D. 396, 100 N.W. 1084.
There is no statute in this state or of the state of Montana requiring that a creditor, before suing the stockholders of an insolvent bank to recover their super-added liability to the creditors, shall first recover a judgment against the bank upon his claim or demand; and in the absence of such statute there is no such requirement. In Conway v. Owensboro Sav. Bank T. Co. (C.C.) 185 Fed. 950, it was held, that where the liability constitutes a trust fund for the benefit of the creditors, creditors suing in behalf of themselves and all other creditors who may become parties, may have the fund administered in equity, without first having obtained a judgment at law upon their demands. See also Marshall-Wells Hardware Co. v. New Era Coal Co. supra.
The defendants' criticism of the method of procedure adopted in this case, that it might be unjust to the stockholders resident in this state, if they are not allowed in this action to offset any claims they might have against the bank, while the stockholders in Montana might be allowed such offset in the action against them by the Montana receiver. This criticism is without merit as offsets are not allowed in actions of this character either in this state or in the state of Montana. Reimers v. Larson, 52 N.D. 297, 40 A.L.R. 1177, 202 N.W. 653; Barth v. Pock, 51 Mont. 418, 155 P. 282.
The complaint is not vulnerable to the attack made upon it by the demurrer, and the order of the trial court sustaining the demurrer is reversed. *Page 627 
BIRDZELL, NUESSLE, BURKE, and JOHNSON, JJ., concur.
CHRISTIANSON, Ch. J., being disqualified, did not participate; Honorable CHAS. M. COOLEY, Judge of the First Judicial District, sitting in his stead.