[File No. 6400.]

FRANK H. JOHNSON, State Examiner of the State of Montana and Ex Officio Superintendent of Banks and Liquidating Officer of the Security State Bank of Terry, Montana, a Corporation, Respondent, v. O. N. DUNHAM, Appellant.

(267 N. W. 125.)

Opinion filed April 14, 1936.   Rehearing denied May 21, 1936.

*Hyland & Foster,* for appellant.

514

*E. O. Kleve,* for respondent.

MORRIS, J. This is an action brought by the state examiner as ex officio superintendent of banks of the state of Montana to recover on a statutory stockholders' liability from the defendant who is a stockholder in the Security State Bank of Terry, Montana. That bank became insolvent and was placed under the control of the plaintiff as liquidating officer on December 30, 1931. The action was brought in Burleigh county, North Dakota. This appeal is from an order overruling a demurrer to the complaint. The demurrer sets up several grounds, but the one relied upon on this appeal is that the complaint does not state facts sufficient to constitute a cause of action.

The complaint sets forth the official capacity of the plaintiff and the

statutes pertaining thereto, the insolvency of the Security State Bank of Terry, the assumption of its control by the plaintiff, the ownership of stock therein by the defendant, and the statutes of Montana fixing the stockholders' liability and authorizing the plaintiff to bring suits for recovery thereof.

In support of his demurrer, the defendant urges that a Montana receiver has no general authority to maintain an action to recover on a stockholders' liability in a foreign court, and that the Montana statute upon which the plaintiff's authority to liquidate banks is based, does not authorize him to bring suit on such liability in state courts outside of the state of Montana.

The defendant cites the case of Corwin v. Settergren, 70 Mont. 535, 226 P. 522, in which the Montana Supreme Court, in passing upon the authority of a receiver of a bank under a 1923 statute, held that the courts of Montana were without jurisdiction to authorize a receiver to maintain actions in behalf of creditors of insolvent banks against stockholders on their statutory liability in courts outside of that state. In that case the receiver was one appointed by the court acting pursuant to chapter 9 of the Laws of 1923, which provided:

"In cases where a bank is liquidated by a court through a receiver, the receiver may by order of the court institute and maintain appropriate suits or actions in the courts of this state on behalf of the creditors of the bank against stockholders for the recovery and collection of stockholders' liability."

That case turned strictly upon the Montana statute concerning which the court said,

"The act of 1923 conferred additional authority than that heretofore existing upon the receivers of banks in Montana. They were given powers not hitherto conferred upon them. For the purpose of collecting the statutory liability of stockholders of an insolvent bank, they were constituted quasi assignees and representatives of the creditors of the bank and invested with right of action against the stockholders to enforce those rights but only 'in the courts of this state.' "

In the case of Corrington v. Crosby, 54 N. D. 614, 210 N. W. 342, 48 A.L.R. 660, which was an action brought by a creditor for himself and in behalf of other creditors to recover on stockholders' liability from North Dakota stockholders of a defunct Montana Bank, this

court recognized the construction of the Montana Statute laid down in Corwin v. Settergren, supra, and permitted recovery by the creditor.

The 1923 statute considered in the above cases, has been repealed. The plaintiff derives his authority from Chapter 89 of the Laws of 1927, § 21, of which in part provides,

"At any time after taking possession of a bank for the purpose of liquidation, the liquidating officer, duly qualified under the laws, as soon as he ascertains that the assets of such bank will be insufficient to pay its debts and liabilities may proceed to collect and enforce the stockholders' liability. For that purpose he may institute and maintain, in his own name as such liquidating officer appropriate suits or actions in any State or Federal Court of competent jurisdiction."

A stockholders' liability, such as that which is here sought to be enforced, is not an asset of a bank as a going concern. It is a statutory liability created for the benefit of creditors and as a general rule is not enforcible by a receiver unless such enforcement is specifically provided for by statute. Corrington v. Crosby, supra. Under the law of Montana, as it stood at the time of the decision of Corwin v. Settergren, 70 Mont. 535, 226 P. 522, supra, a bank receiver was authorized by statute upon an order of court to institute and maintain appropriate suits in behalf of creditors of an insolvent bank against the stockholders for the recovery of the stockholders' liability, but the statute at that time specifically limited this authority to suits brought in the courts of that state. When the banking laws of Montana were revised and codified by chapter 89 of the Laws of 1927, provision was made for a statutory liquidating officer (superintendent of banks) who was given authority to institute "appropriate suits or actions in any State or Federal Court of competent jurisdiction." This provision, differing as it does from the former act, was made after the language of the 1923 act had been construed by the Supreme Court of Montana in Corwin v. Settergren, and must have been made for a definite purpose. That purpose could be no other than to authorize the liquidating officer to bring suits in state courts outside of, as well as within, the state of Montana. The appellant contends that the language of the new statute is susceptible to a construction that would limit this authority to the state of Montana, and that since the legislature did not specifically mention the courts of other states, the statute

must be construed as failing to give authority to bring suits in other states. He bases his argument upon the rule that under the common law a receiver could not bring suit in a foreign jurisdiction. In this connection it is well to note that the plaintiff is not a receiver appointed under the equity powers of the court, but is a statutory liquidating officer to whom authority is specifically given to enforce a statutory liability against stockholders of insolvent banks coming into his possession and control in any state or Federal Court of competent jurisdiction. The statute here involved is not one in abrogation of the common law as it pertains to receivers as arms of the court, but is a statute dealing with the specific subject of insolvent banks and providing for their liquidation by a statutory officer.

In the case of Converse v. Hamilton, 224 U. S. 243, 56 L. ed. 749, 32 S. Ct. 415, Ann. Cas. 1913D, 1292, the Supreme Court of the United States considered the question of the authority of a receiver of a Minnesota corporation to sue in the courts of Wisconsin to recover the double liability imposed by the laws of Minnesota. While the Minnesota statute involved in that case specifically authorized suits in other states, much of the reasoning in that case bears directly upon the question presented here. The Supreme Court of the United States distinguishes an ordinary chancery receiver from one clothed with specific statutory power by saying: "It is true that an ordinary chancery receiver is a mere arm of the court appointing him, is invested with no estate in the property committed to his charge, and is clothed with no power to exercise his official duties in other jurisdictions. Booth v. Clark, 17 How. 322, 15 L. ed. 164; Hale v. Allinson, 188 U. S. 56, 47 L. ed. 380, 23 S. Ct. 244; Great Western Min. & Mfg. Co. v. Harris, 198 U. S. 561, 49 L. ed. 1163, 25 S. Ct. 770. But here the receiver was not merely an ordinary chancery receiver, but much more. By the proceedings in the sequestration suit, had conformably to the laws of Minnesota, he became a quasi-assignee and representative of the creditors, was invested with their rights of action against the stockholders, and was charged with the enforcement of those rights in the courts of that state and elsewhere. So, when he invoked the aid of the Wisconsin court the case presented was, in substance, that of a trustee, clothed with adequate title for the occasion, seeking to enforce, for the benefit of his cestuis que trustent, a right of action, transitory

in character, against one who was liable contractually and severally, if at all."

The office of superintendent of banks is a creature of statute. It has no origin in the common law. In construing the law which creates this office, we must seek the intention of the legislature. When the legislature of Montana enacted this statute it had before it the language of the 1923 act, and the decision of the Supreme Court construing that language. Despite this fact the legislature chose to express itself in the 1927 act by entirely different language. This change is, at least, some indication that a different meaning was intended. There is nothing in the statute, as pleaded in the complaint, supporting the contention that the legislature intended to confine suits of this nature to the courts of Montana and the Federal Courts to the exclusion of the courts of other states. We will not read into the statute a restriction that is not contained therein either by express terms or fair implication. The demurrer was properly overruled.

Affirmed.

BURKE, Ch. J., and NUESSLE, BURR and CHRISTIANSON, JJ., concur.